**Kenneth H. CASH, et al.**

v.

**UNITED STATES of America, et al.**

**Civ. A. No. C83–57N.**

United States District Court,
N.D. Georgia, Newnan Division.

Sept. 29, 1983.

Phyllis J. Holmen, Douglasville, Ga., M. Ayres Gardner, John L. Cromartie, Jr., Atlanta, Ga., for plaintiffs.

Donald B. Howe, Jr., Tallapoose, Ga., for defendants.

## ORDER

TIDWELL, District Judge.

The above-styled matter is presently before the court on a motion to dismiss filed

on behalf of defendants the United States of America, John Block, Secretary of the U.S. Department of Agriculture, Charles W. Shuman, Administrator, Farmers Home Administration, Orson G. Swindle, III, Georgia State Director, Farmers Home Administration, and the United States Farmers Home Administration (the "federal defendants"). In addition, defendants Budget Builders, Inc. and M.G. Helton (the "local defendants") have filed a motion to dismiss for failure to state a claim and a motion to strike, as well as a "plea to the jurisdiction" and a "special plea of accord and satisfaction." The instant suit arose out of allegedly defective construction of a house presently occupied by the plaintiffs, financed by defendant Farmers Home Administration (FmHA), and built by defendant Helton. Plaintiffs contend that defendant United States of America is liable to them under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–2680, for alleged negligent failure by employees of the FmHA to properly supervise and inspect the construction of their house as required by statute, and they further seek declaratory and injunctive relief from the alleged failure of the FmHA and its named officials to act on their administrative claim for compensation for construction defects. Finally, plaintiffs claim that defendant Helton, individually and/or as agent for defendant Budget Builders, Inc., breached the construction contract between himself and plaintiffs, and also breached his Builder's Warranty. The court will address the federal defendants' motion first.

■ It is undisputed that plaintiffs presented their FTCA claim to the FmHA on September 3, 1982, and that no disposition of the claim was made by the agency within six months. This court therefore concludes that plaintiffs are authorized by the provisions of 28 U.S.C. § 2675(a) to bring this action. The tort claim can only succeed, however, if the FmHA had a duty to the plaintiffs to supervise and inspect construction of their home. In *Parker v. Knebel,* No. EC 76–210–K (N.D.Miss.1978), the court found the existence of such a duty based on 42 U.S.C. §§ 1471(a), 1476(a),

1479(a) and 7 CFR 1800 *et seq.* The court noted:

The Secretary of Agriculture is authorized to "determine and prescribe the standards of adequate farm housing and other buildings," 42 USC § 1479(a), to extend financial assistance in such construction, 42 USC § 1471(a), and to require that all new buildings be completed in conformity with the plans and specifications which have been required by him. 42 USC § 1476(a). Furthermore, 42 USC § 1476(a) states affirmatively that "[b]uildings and repairs constructed with funds advanced pursuant to this subchapter *shall* be supervised and inspected as required by the Secretary." (Emphasis added). This statutory grant of discretion to the Secretary in determining the appropriate standards of construction and whether to require supervision and inspection to insure that such standards had been met was accepted by the Secretary when he, by promulgation of 7 CFR §§ 1800 et seq., elected to require at least some degree of supervision and inspection.

*Id.* at 4. The court specifically relied on the regulations found at 7 CFR 1804.4(g)(1), (3), which provided, *inter alia,* that "[t]he County Supervisor, accompanied by the borrower when practicable, will make final inspections of all development work and periodic inspections as appropriate" and that "[t]he County Supervisor will inspect development work as frequently as necessary to assure that construction and land development conforms with the plans and specifications." Similarly, the courts in *Park v. United States,* 517 F.Supp. 970 (D.Or.1981), and *Neal v. Bergland,* 646 F.2d 1178 (6th Cir. 1981), *aff'd sub nom. Block v. Neal,* —— U.S. ——, 103 S.Ct. 1089, 75 L.Ed.2d 67 (1983), cited 7 CFR 1804.4(g) and found the existence of a duty on the part of the FmHA to borrowers based on the principle that if the government undertakes to perform an activity and is negligent in that performance, it may be liable where the public has come to rely on such perform-

ance. *See* Restatement (Second) of Torts § 323 (1965).

█ The regulations found at 7 CFR 1804 were amended and redesignated effective June 12, 1980, 45 Fed.Reg. 39789 (1980), some two months prior to plaintiffs' entering into a contract for the construction of their home on August 19, 1980. The new regulations are found at 7 CFR 1924 and state, *inter alia:*

> (a) *Responsibility for inspection.* The County Supervisor or District Director, accompanied by the borrower when practicable, will make final inspection of all development work and periodic inspections as appropriate to protect the security interest of the government. ... The borrower will be responsible for making inspections necessary to protect the borrower's interest. FmHA's inspections are not to assure the borrower that the house is built in accordance with the plans and specifications. The inspections create or imply no duty or obligation to the particular borrower but are, rather, for the dual purposes of determining that FmHA has adequate security for its loan and enabling FmHA to determine that FmHA is working toward achieving the statutory goal of providing adequate housing....
>
> (b) *Frequency of inspections....*
>
> ....
>
> (5) The borrower should make enough periodic visits to the site to be familiar with the progress and performance of the work, in order to protect the borrower's interest.

7 CFR 1924.9(a), (b)(5). The amended regulations in effect at the time the plaintiffs obtained financing through FmHA clearly and unequivocally indicate that it is the responsibility of the borrower to make those inspections necessary to protect his interest. This court therefore concludes that plaintiffs were precluded as a matter of law from relying on FmHA's inspections to protect their interests and consequently, the common law Good Samaritan doctrine which is described in § 323 of the Restatement (Second) of Torts is inapplicable.

Furthermore, the court concludes that the statutory provisions found at 42 U.S.C. § 1471 *et seq.* are insufficient in and of themselves to create a duty owed by FmHA to plaintiffs. Accordingly, the motion to dismiss the FTCA claim of plaintiffs will be granted and the court need not address the further contentions that recovery is barred under 28 U.S.C. § 2680(a) (discretionary functions) or whether the remedy created by the Housing Act of 1949, 42 U.S.C. § 1479(c), provides the exclusive remedy against the government for damages attributable to the negligence of FmHA officials.

█ Plaintiffs also claim that the federal defendants have failed to follow the procedures set forth in 7 CFR 1924.251 *et seq.* for handling construction complaints and evaluating requests for compensation made pursuant to 42 U.S.C. § 1479(c). 42 U.S.C. § 1479(c) states, *inter alia,* that "[d]ecisions by the Secretary regarding such expenditures or payments under this subsection, and the terms and conditions under which the same are approved or disapproved, shall not be subject to judicial review." However, plaintiffs in the case at bar are not seeking review of the Secretary's decision, because there has admittedly been no final decision rendered by the FmHA. Affidavit of Orson G. Swindle, III. Judicial review is available where an administrative agency fails to follow procedures outlined in regulations adopted by that administrative agency, and this court is empowered to direct an agency to review and decide within a reasonable time complaints such as those involved in the case at bar. *Graham v. Caston,* 568 F.2d 1092 (5th Cir.1978). Accordingly, the federal defendants' motion to dismiss plaintiffs' claim for declaratory and injunctive relief will be denied.

█ Plaintiffs' state law claims against the local defendants are based on breach of contract and breach of a Builder's Warranty. Assuming, arguendo, that this court may properly exercise pendent party jurisdiction over the local defendants, *see Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), the court declines to do so, inasmuch as the issues and facts

**516**

involved in the remaining federal claim are substantially different from those involved in the breach of contract and breach of warranty claims. Accordingly, plaintiffs' claims against the local defendants will be dismissed without prejudice.

In summary, the federal defendants' motion to dismiss is hereby granted and sustained as to plaintiffs' FTCA claim, but is hereby overruled and denied as to plaintiffs' claim for declaratory and injunctive relief. In addition, plaintiffs' claims against the local defendants are hereby dismissed without prejudice, and the local defendants' motion to dismiss for failure to state a claim and motion to strike are hereby overruled and denied as moot.