**Curtis HAMRE, et al., Appellants,**

v.

**UNITED STATES of America, Appellee.**

No. 85–5415.

United States Court of Appeals, Eighth Circuit.

Submitted June 11, 1986.

Decided Sept. 3, 1986.

John E. Mack, New London, Minn., for appellants.

Mary E. Carlson, Minneapolis, Minn., for appellee.

Before LAY, Chief Judge, HENLEY, Senior Circuit Judge, and STROM,* District Judge.

STROM, District Judge.

Curtis and Lucinda Hamre appeal the decision of the District Court[1] dismissing their lawsuit against the United States of America. The Court held that appellants' claim under the Federal Tort Claims (FTCA), 28 U.S.C. §§ 2671, et seq., is barred through an application of the exception found at § 2680(h). For the reasons set forth below, we affirm.

---

* The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska, sitting by designation.

1. The Honorable Harry H. MacLaughlin, United States District Judge for the District of Minnesota.

## I. BACKGROUND

Appellants signed a purchase agreement to buy a home located in Wilmore, Minnesota, on February 15, 1981. Financing was obtained through the Farmers Home Administration (FmHA) under its Rural Housing Loan Program. Prior to closing, an FmHA employee inspected and valued the house. Based upon the appraiser's evaluation, the FmHA loaned the Hamres $40,500 for the purpose of purchasing the home.

Appellants moved into the house in late February, 1981. Soon thereafter, the Hamres and their child became chronically and violently ill from causes which could not be medically determined. They also noted strange noises in the walls, ceilings and attic. In the spring of 1981, the Hamres saw black animals flying through their home. The animals turned out to be bats. Within a year, they discovered bat guano in the attic and other portions of the house. A second child was born to the Harmes in early 1983. The child soon began to show the same medical symptoms that the appellants and their first child had been showing since 1981. Their symptoms were diagnosed as disease caused by the bats and the bat droppings.

Appellants attempted to have the bats exterminated soon after they learned the cause of their medical problems. Exterminators, however, indicated the bat problem could not be eradicated because the bats were a protected species in Minnesota. As a result, the Hamres cohabitate their home with bats and have been forced to close the attic, the upstairs of the home, the bedroom and the upper portion of an addition built onto the home.

The Hamres filed a claim with the FmHA for property damage and personal injuries totaling $55,500 on April 18, 1984. Appellants' claim was denied on July 6, 1984. In denying the claim, a Regional Attorney indicated that the inspection of their house was made solely for the benefit of the FmHA—not for that of prospective borrowers. Accordingly, he claimed the FmHA owed no duty from which a negligence action could be predicated. The Hamres thereafter filed their district court action within the six-month period prescribed by the FTCA.

In its memorandum and order dismissing appellants' claims, the district court cited a line of cases following *United States v. Neustadt,* 366 U.S. 696, 81 S.Ct. 1294, 6 L.Ed.2d 614 (1961), which hold that a federal official's inspection and appraisal does not give rise to FTCA liability if negligently erroneous. Those cases include *Ortiz v. United States,* 661 F.2d 826 (10th Cir.1981) (no liability since FmHA regulations not for benefit of borrowers); *United Scottish Ins. Co. v. United States,* 614 F.2d 188 (9th Cir.1979) (no liability for inspection required by statute); *Cash v. United States,* 571 F.Supp. 513 (N.D.Ga.1983) (negligence of FmHA inspector not actionable under FTCA); *Kipf v. United States,* 501 F.Supp. 110 (D.Mont.1980) (negligent inspection of FmHA appraiser barred as a misrepresentation claim). The lower court ruled this line of cases indicates that actions based solely upon representations which emanate from a negligent inspection are barred under the FTCA. The court went on to hold that plaintiffs had merely stated a claim for negligent misrepresentation which was barred.

## II. DISCUSSION

The central issue on appeal is whether the district court improperly held appellants failed to state a claim of simple negligence under applicable state law. Appellants argue other claims are not for misrepresentation but rather for negligence, and as such, their action is federally cognizable. The United States contends appellants' claims are based solely on the appraiser's misrepresentations. While we have grave doubts as to whether appellants have raised a state law claim, *see Gelley v. Astra Pharmaceutical Products, Inc.,* 610 F.2d 558 (8th Cir.1979), and *Cracraft v. City of St. Louis Park,* 279 N.W.2d 801 (Minn.1979), this issue need not be addressed for we find the district court cor-

rectly held the Hamres' claims are exempt from application of the FTCA.

Section 2674 of Title 28 to the United States Code provides in pertinent part:

The United States shall be liable, respective the provisions of this Title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances * * *.

This abrogation of the doctrine of sovereign immunity, however, is narrowed by the exceptions set forth at Section 2680. Subsection (h) of that section allows an exception to application of the FTCA for "[a]ny claim arising out of * * * misrepresentation."

The United States Supreme Court has twice addressed the scope of the misrepresentation exception to the FTCA. In *Neustadt, supra,* a purchaser of a home relied on a statement reporting the results of a negligently inaccurate inspection and appraisal of the property made by the Federal Housing Administration for mortgage insurance purposes. Upon occupying the home, the purchaser discovered serious structural defects, not disclosed in the FHA statement, which rendered the house's fair market value substantially lower than the FHA appraised value. The Supreme Court determined that the purchaser's cause of action was one for negligent misrepresentation and the Section 2680(h) exception barred the claim.

In *Block v. Neal,* 460 U.S. 289, 103 S.Ct. 1089, 75 L.Ed.2d 67 (1983), the Court addressed an action brought by a home purchaser who obtained a loan from the FmHA for the construction of a prefabricated house. After obtaining the loan, the purchaser contracted with a builder to construct the house. The contract required the work to conform to plans approved by FmHA and granted FmHA the right to inspect and test all materials and workmanship and reject any that were defective. Once the house was completed, an FmHA official inspected the home and reported that the building met the plans and specifications. Upon taking possession of the house, the purchaser found a number of defects. The Supreme Court held that the buyer's claim under the FTCA was not solely for negligent misrepresentation, but also for the agency's breach of the duty to use care to insure that the builder adhered to the approved plans and cured all defects before completing construction. The Court held that since the FmHA voluntarily assumed the duties of providing technical assistance to the borrower, reviewing the construction plans and contracts, and inspecting the construction, the government's misstatements were not essential to the appellants' negligence claim.

The Hamres contend their present claim properly falls within the scope of the *Block v. Neal* decision. They argue that their "negligent inspection" cause of action is not premised upon the FmHA inspector's misstatements solely, but on a breach of duties distinct from those duties forming the basis of a misrepresentation claim. In support of their argument, they cite Justice Marshall's statement:

Section 2680(h) * * * does not bar negligence actions which focus not on the government's failure to use due care in communicating information, but rather on the government's breach of a different duty.

Id. at 298, 103 S.Ct. at 1094. In further support of their position, they cite Minnesota case law which sets forth a general duty to warn of hidden hazards.

In *Neustadt,* the Supreme Court addressed and rejected the same argument. 366 U.S. at 703–07, 81 S.Ct. at 1298–99. Here, as in *Neustadt,* any injury sustained by the appellants was proximately caused by their reliance upon representations made by the government appraiser. Any negligent inspection of the premises could not have caused their injuries, for the defects, if any, were present before the inspection was made. The Hamres have "alleged no injury that [they] would have suffered independently of [their] reliance on the erroneous appraisal." *Block v. Neal,* 460 U.S. at 296, 103 S.Ct. at 1093.

Accordingly, the judgment of the district court is affirmed.