827 F.2d 377
 Joseph A. BONUCHI and Tamara S. Bonuchi, Appellants,
v.
The UNITED STATES of America; Farmers Home Administration;
John Block, Individually and in his capacity as Secretary of
the U.S. Dept. of Agriculture; Charles Shuman, Individually
and in his capacity as Administrator of the Farmers Home
Adm.; John O. Foster, Individually and in his capacity as
State Director of Missouri; Gerald A. Link, Individually
and in his capacity as County Supervisor; and Augustine
Snell, Individually and in his capacity as an employee of
the Farmers Home Adm., Appellees.
 No. 86-2212.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 14, 1987.
Decided Aug. 28, 1987.
 
 Dale Reesman, Boonville, Mo., for appellants.
 Aaron B. Kahn, Washington, D.C., for appellees.
 Before ROSS,* Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.
 ROSS, Senior Circuit Judge.
 
 
 1
 Pursuant to Title V of the Housing Act of 1949, as amended, 42 U.S.C. Secs. 1471-1490, the Farmers Home Administration (FmHA) is authorized to provide financial and technical assistance to low income persons who seek to obtain rural housing. 42 U.S.C. Sec. 1471(a)(2). In connection with the loan approval process, FmHA officials conduct an inspection and appraisal of the property to be purchased in order to determine whether such property is eligible for FmHA funds. The narrow issue presented in this case is whether a purchaser's reliance on the information obtained through an inaccurately conducted FmHA inspection of a rural home gives rise to a damages claim against the United States government under the Federal Tort Claims Act. We hold that the purchaser's cause of action constitutes a claim for negligent misrepresentation and as such is excluded from coverage by section 2680(h) of the Act.
 
 Background
 
 2
 On June 24, 1971 Wayne and Phyllis Hall obtained a rural housing loan pursuant to Section 502 of the Housing Act of 1949, from the FmHA for the purpose of constructing a house on lots 1 and 2 in Walton's Addition in Higbee, Missouri. In connection with this loan, various employees of the FmHA, including defendants Gerald Link, FmHA county supervisor, and Augustine Snell, FmHA inspector of dwellings and construction, inspected and supervised the construction of the house in accordance with FmHA regulations. When the Hall's house was built, however, it extended approximately 9.9 feet over the property line of lot 1, encroaching upon land which had been platted as a right-of-way for a public street.
 
 
 3
 In 1978 the Halls became delinquent in payment of their loan and property taxes. Thereafter, according to the Bonuchis, various employees of the FmHA contacted the Bonuchis and encouraged them to purchase the Hall's property. Appellants subsequently entered into an agreement to purchase the property and, in that regard, on May 12, 1978, the Bonuchis obtained an FmHA rural housing loan in the sum of $30,500 and in return executed a promissory note and deed of trust in favor of the government as security for the loan.
 
 
 4
 Prior to the approval and closing of appellant's loan, FmHA employees inspected the condition of the property and appraised its value and thereafter approved the property as good security for the loan. Neither the FmHA nor the Bonuchis had the property surveyed prior to the sale. Approximately four years later, in July of 1982, the Bonuchis commissioned a survey of the property and at that time discovered that the house they had purchased with FmHA funds encroached upon the city's right-of-way.
 
 
 5
 In December 1983, the Bonuchis submitted a $40,000 damage claim pursuant to the provisions of the Federal Tort Claims Act, 28 U.S.C. Sec. 2674, to the Department of Agriculture. The agency denied the claim and the Bonuchis filed the present suit in federal district court[1] on October 26, 1984.
 
 
 6
 The government and the individual defendants moved for summary judgment. These motions were eventually granted in favor of all defendants. On September 25, 1986, the Bonuchis filed a timely notice of appeal to this court.
 
 Discussion
 
 7
 The Bonuchis' damages claim against the federal government is premised on the Federal Tort Claims Act (FTCA) which serves to provide both a waiver of sovereign immunity, 28 U.S.C. Sec. 2674 (1982),[2] and a jurisdictional grant of authority, 28 U.S.C. Sec. 1346(b) (1982)[3] to the courts to hear certain tort claims against the government. Although the FTCA does not delineate the torts for which the United States may be sued, it does specifically except certain claims from application of the Act, including claims arising out of either intentional or negligent misrepresentation. 28 U.S.C.A. Sec. 2680(h) (West Supp.1987); see also United States v. Neustadt, 366 U.S. 696, 703-06, 81 S.Ct. 1294, 1298-1300, 6 L.Ed.2d 614 (1961).
 
 
 8
 The government, in the case before us, contends that the Bonuchis' claim is based on injury suffered by their reliance on statements made either expressly or implicitly by the FmHA as to the quality of the construction of their house. The government argues, therefore, that the Bonuchis state a claim of misrepresentation which is precluded by the section 2680(h) exception of the FTCA. Appellants, on the other hand, argue that their cause of action is properly characterized as one of simple negligence arising from the inadequately performed inspection and appraisal of their house and that their action is therefore federally cognizable.
 
 
 9
 We find the Bonuchis' argument to be without merit in light of the Supreme Court's holding in United States v. Neustadt, 366 U.S. 696, 81 S.Ct. 1294, 6 L.Ed.2d 614 (1961). In Neustadt, the purchaser of a home relied on an appraisal made by the Federal Housing Administration (FHA) for mortgage insurance purposes. After taking up residence, the purchaser discovered serious structural defects which had not been noticed by the FHA during the course of its inspection, and which rendered the house's fair market value substantially lower than the FHA appraised value. The purchaser sued the government alleging that the FHA had negligently inspected and appraised the property, and that he had justifiably relied on the appraisal in purchasing the house. The Supreme Court rejected the Fourth Circuit's finding that the misrepresentation was " 'merely incidental' to the 'gravamen' of the claim, i.e., 'the careless making of an excessive appraisal.' " Id. at 704, 81 S.Ct. at 1299 (quoting United States v. Neustadt, 281 F.2d 596, 602 (4th Cir.1960)). The Court reasoned the argument that the breach of the FHA's specific duty to "use due care in obtaining and communicating information upon which [the] party may reasonably be expected to rely in the conduct of his economic affairs, is only to state the traditional and commonly understood legal definition of the tort of 'negligent misrepresentation.' " Id. 366 U.S. at 706, 81 S.Ct. at 1300. The Court concluded that the purchaser's cause of action stemming from gathering and communicating information in the inaccurate FmHA appraisal constituted a claim for negligent misrepresentation which was consequently barred by the section 2680(h) exception.
 
 
 10
 This court is now presented with facts and legal issues similar to those found in Neustadt. In the case before us the appellants purchased a rural residence with the assistance of FmHA funds. Their decision to purchase was at least in part based on the favorable inspection and appraisal conducted and communicated by the FmHA which indicated that a survey of the property was not necessary and that the house was in all respects suitable for purchase with FmHA funds.[4] Like the purchaser in Neustadt, the Bonuchis now argue that the government undertook a specific duty to inspect and appraise the property they wished to purchase with FmHA funds. The Bonuchis contend that it was this duty, having been negligently performed, which caused their injury and not their reliance upon misinformation. We cannot agree with appellants' argument. Although we do not condone carelessness by government employees in obtaining and communicating information incident to their regulatory responsibilities, we must hold, consistent with Neustadt, that such carelessness constituted negligent misrepresentation and as such appellants' cause of action is precluded by section 2680(h) of the FTCA.
 
 
 11
 It is clear from the facts of this case, as applied to the analysis set forth in Neustadt, that the cause of action was based on the communication of misinformation to the Bonuchis, and not on an undertaking by FmHA officials which was performed in a negligent manner. As we reasoned in Hamre v. United States, 799 F.2d 455 (8th Cir.1986), a case factually analogous to the one before us, "any injury sustained by the appellants was proximately caused by their reliance upon representations made by the government appraiser. Any negligent inspection of the premises could not have caused their injuries, for the defects, if any, were present before the inspection was made." Id. at 457. As in Hamre, the Bonuchis have " 'alleged no injury that [they] would have suffered independently of [their] reliance on the erroneous appraisal.' " Id. (quoting Block v. Neal, 460 U.S. 289, 296, 103 S.Ct. 1089, 1093, 75 L.Ed.2d 67 (1983)).
 
 
 12
 We conclude that the district court lacked subject matter jurisdiction due to the misrepresentation exception to the FTCA, 28 U.S.C.A. Sec. 2680(h) (West Supp.1987), and we accordingly affirm the district court's grant of summary judgment in favor of the government.[5]
 
 
 
 *
 The Honorable Donald R. Ross assumed senior status on June 13, 1987
 
 
 [1]
 The Honorable William W. Hungate, United States District Judge for the Eastern District of Missouri
 
 
 [2]
 "The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances * * *." 28 U.S.C. Sec. 2674 (1982)
 
 
 [3]
 "[T]he district courts * * * shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages * * * for injury or loss of property * * * caused by the negligent or wrongful act or omission of any employee of the Government while acting within the cope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. Sec. 1346(b) (1982)
 
 
 [4]
 The Bonuchis concede that prior to closing, they hired their own attorney who examined the abstract of title and issued a title opinion. From the abstract it should have been obvious that no survey of record had been filed
 
 
 [5]
 We do not pass judgment on any cause of action which might have existed against the FmHA had the Bonuchis been the persons for whom the house was constructed. Quite apart from any misrepresentation claim, our focus in that case would be on the performance of the initial duty undertaken by the FmHA in supervising the construction of the house. In contrast to the case now before us, the original owners' negligence claim would not have been dependent on misstatements made by the government, but rather on the failure of FmHA officials to use due care in performing their duty to supervise construction of the house. See Block v. Neal, supra, 460 U.S. at 296-99, 103 S.Ct. at 1093-95