### FARMERS STATE SAVINGS BANK, Appellee,

v.

### FARMERS HOME ADMINISTRATION, A DIVISION OF the UNITED STATES DEPARTMENT OF AGRICULTURE, Appellant.

#### No. 88–1380.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 23, 1989.

Decided Dec. 8, 1989.

---

Robert J. Murphy, Independence, Iowa, for appellant.

Paul C. Lillios, Cedar Rapids, Iowa, for appellee.

Before LAY, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

WOLLMAN, Circuit Judge.

Farmers State Savings Bank (Farmers State) appeals from the district court's[1] order dismissing Farmers State's amended complaint. We affirm.

The Farmers Home Administration (FmHA) conditionally approved Mr. and Mrs. Wayne Hilliards' application for a farm ownership loan in March of 1983. Farmers State subsequently agreed to loan the Hilliards $80,000, understanding that FmHA had committed itself to making a loan to the Hilliards with which they could repay Farmers State. FmHA, however, did not make the loan. In February 1984, the Hilliards entered into chapter 11 bankruptcy. Farmers State wrote to FmHA in March 1984 requesting that FmHA relieve Farmers State's loss by subordinating FmHA's interest in the Hilliards' bankruptcy estate property. When FmHA did not grant the request, Farmers State continued to write to FmHA, and later to the United States Attorney's Office and the General Counsel of the Department of Agriculture, about its claims. Finally, Farmers State filed a complaint against FmHA under the Federal Torts Claims Act (FTCA) (codified at 28 U.S.C. §§ 2671–2680). The district court dismissed the action, finding that Farmers State had failed to exhaust admin-

---

1. The Honorable David R. Hansen, United States District Judge for the Northern District of Iowa.

istrative remedies under 28 U.S.C. § 2675(a).

On appeal we reversed, finding that Farmers State had met the requirements of section 2675(a). We remanded to the district court for a determination of whether Farmers State's complaint should be dismissed under 28 U.S.C. § 2680(h), which precludes claims that rise out of misrepresentation. We retained jurisdiction and requested the district court to certify its decision to this panel. *Farmers State Savings Bank v. Farmers Home Admin.*, 866 F.2d 276 (8th Cir.1989).

On remand, the district court found that Farmer State's complaint, as amended on October 26, 1987, sought reparation for either negligent or intentional misrepresentation or deceit. The district court concluded that Farmers State's claim was barred by section 2680(h) and granted FmHA's motion to dismiss.

Farmers State challenges the district court's order to dismiss on the ground that its amended complaint states a claim in negligence that is independent of any intentional or negligent misrepresentation. It cites *Block v. Neal*, 460 U.S. 289, 103 S.Ct. 1089, 75 L.Ed.2d 67 (1983), for the proposition that "[n]either the language nor history of the act suggests that when one aspect of the Government's conduct is not actionable under the 'misrepresentation' exception, a claimant is barred from pursuing a distinct claim arising out of other aspects of the Government's conduct." *Id.* at 298, 103 S.Ct. at 1094. Farmers State claims that FmHA "either negligently or purposefully did not inform the Hilliards of the fact that their approved loan was available and could be dispersed [sic]." Thus, contends Farmers State, the "negligent failure to grant the loan after approval and arrival of necessary funds arises out of the same general set of circumstances as the misrepresentation claim, but is able to stand alone." Brief of Appellant at 2.

The misrepresentation exception contained within section 2680(h) falls within the traditional definition of negligent misrepresentation, which is the breach of "the duty to use due care in obtaining and communicating information upon which [a] party may reasonably be expected to rely in the conduct of his economic affairs." *United States v. Neustadt*, 366 U.S. 696, 706–07, 81 S.Ct. 1294, 1300, 6 L.Ed.2d 614 (1961). In *Block v. Neal*, the Supreme Court distinguished actions based upon the "failure to use due care in communicating information," from actions based upon the "breach of a different duty." 460 U.S. at 297, 103 S.Ct. at 1094. Misrepresentation and negligence claims may contain common factual and legal questions. *Id.* at 298, 103 S.Ct. at 1094. "[P]artial overlap" between tort actions does not mean that if the FTCA bars one action it also bars the other. *Id.*

We have considered section 2680(h) in the context of a purchaser's reliance on information obtained through faulty FmHA house inspections. *Bonuchi v. United States*, 827 F.2d 377 (8th Cir.1987); *Hamre v. United States*, 799 F.2d 455 (8th Cir. 1986). In both *Bonuchi* and *Hamre* we found that the appellants' injuries were caused by reliance on the representations of government officials and not by reliance on an undertaking that those officials performed negligently. *Bonuchi*, 827 F.2d at 379; *Hamre*, 799 F.2d at 457.

We find that the same is true in this case. The crux of Farmer State's claim is the communication of information on which Farmers State relied to its detriment—a misrepresentation claim barred under the FTCA. Farmers State has not persuaded us that the FmHA negligently breached any different duty owed to Farmers State that might form the basis of a negligence action cognizable under the distinction recognized in *Block v. Neal*.

Accordingly, we affirm the judgment of the district court.