# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2634

_____

Jerrad Robinson

*Plaintiff - Appellant*

v.

United States of America

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: May 14, 2025
Filed: June 13, 2025

_____

Before BENTON, KELLY, and GRASZ, Circuit Judges.

_____

BENTON, Circuit Judge.

A Federal Aviation Administration employee told Jerrad Lee Robinson that if he retired, he had enough creditable federal service to qualify for a monthly annuity of $6,273. After he retired, the Office of Personnel Management (OPM) determined he was entitled to only $5,319. Robinson sued, alleging the FAA was negligent

under the Federal Tort Claims Act. The district court[1] dismissed the complaint. Robinson appeals. Having jurisdiction under 28 U.S.C. §1291, this court affirms.

Beginning in 1997, Robinson worked as a federal air traffic controller for over 20 years. Before joining the FAA, Robinson was on active duty with the United States Army, and then both active and inactive service with the Air National Guard.

In 2000 and 2017, Robinson paid military-service deposits to the FAA, believing that his active-duty time and all his National Guard time would earn federal-service credit under the Federal Employees Retirement System (FERS). The application for the credit warned him that "payment of this deposit" would not make his "military service creditable if it is otherwise not creditable under FERS."

Robinson applied for retirement in 2018. In response, an FAA employee issued him a Certified Summary of Federal Service (CSFS), crediting him with 27 years, 1 month, and 16 days of federal service—including 6 years and 2 days of military service.

Relying on the FAA's communication, Robinson retired. By the FAA's calculation, he would have been entitled to a monthly annuity payment of $6,273.

About nine months after Robinson's retirement, OPM reviewed his application. OPM determined that the FAA employee mistakenly counted all his National Guard service as creditable federal service, when only about four months qualified under FERS. After administrative appeals, OPM concluded that Robinson's monthly annuity was only $5,319.

Robinson sued under the FTCA for the FAA's negligent communication about his creditable federal service. He seeks to recover the difference between the

---

[1] The Honorable Patrick J. Schiltz, Chief Judge, United States District Court for the District of Minnesota.

larger annuity he expected and the smaller sum he is receiving. The district court dismissed the complaint.

This court reviews *de novo* dismissals for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), "placing the burden of proving the existence of subject matter jurisdiction on the plaintiff." ***Green Acres Enters., Inc. v. United States***, 418 F.3d 852, 856 (8th Cir. 2005). This court may look outside the pleadings to determine the threshold question of jurisdiction. ***Id.*** "If the district court relies on its own determination of disputed factual issues, we review those findings under the clearly erroneous standard." ***Buckler v. United States***, 919 F.3d 1038, 1044 (8th Cir. 2019) (cleaned up).

The FTCA "was designed primarily to remove the sovereign immunity of the United States from suits in tort." ***Millbrook v. United States***, 569 U.S. 50, 52 (2013). Through the Act, federal district courts have exclusive jurisdiction over claims against the United States for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission" of a federal employee "acting within the scope of his office or employment." ***Id.***, *quoting* **28 U.S.C. § 1346(b)(1)**. The waiver, while broad, has several exceptions. Relevant here, an exception for intentional torts preserves the government's immunity from suit for "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, *misrepresentation*, deceit, or interference with contract rights." **28 U.S.C. § 2680(h)** (emphasis added).

Section 2680(h) "relieves the Government of tort liability for pecuniary injuries which are wholly attributable to reliance on the Government's negligent misstatements." ***Block v. Neal***, 460 U.S. 289, 297 (1983) (preserving "sovereign immunity with respect to a broad range of government actions"). But the statute "does not bar negligence actions which focus not on the Government's failure to use due care in communicating information, but rather on the Government's breach of a different duty." ***Id.*** Application of the misrepresentation exception thus turns on what caused Robinson's injury.

-3-

Robinson argues that the district court erred in dismissing his negligence action under the FTCA because it misapplied the misrepresentation exception in 28 U.S.C. § 2680(h). The gravamen of Robinson's claim is that the FAA's relevant negligence was not in its communication to him, but in the miscalculation of his creditable military service time. He asserts that the FAA's duty to use reasonable care in calculating his creditable service time is "distinct from any duty to use due care in communicating information to him."

Focusing on two cases, Robinson asserts that the "focal point of [his] claim is the operational negligence by the FAA and [its employee] in processing Robinson's retirement and the communication to Robinson was merely collateral to such performance." *See Appley Bros. v. United States*, 7 F.3d 720 (8th Cir. 1993); *Saraw Partnership v. United* **States**, 67 F.3d 567 (5th Cir. 1995). These cases do not help him. In *Appley Bros.*, a case about USDA examiners and a grain operation, this court found that the USDA's negligent inspection of a warehouse—not an examiner's communication of information—harmed plaintiffs. *See Appley Bros.*, 7 F.3d at 728 ("The U.S.D.A.'s failure to discover violations of the Warehouse Act is independent of the inspectors communication of information."). In *Saraw*, a Veterans Administration employee's negligent keystroke while processing a loan allowed the loan to fall into arrears. The Fifth Circuit held that the misrepresentation exception did not bar suing the VA because the focal point of the case was the negligent keystroke entry. *See Saraw Partnership*, 67 F.3d at 571 ("Where there is no detrimental reliance on an alleged miscommunication, no claim for misrepresentation is made."). In both cases, the key is "the Government's breach of a different duty." *See Block*, 460 U.S. at 297 (holding that a homeowner's suit against the Farmers Home Administration was not barred by the misrepresentation exception because "FmHA's duty to use due care" in ensuring builders cured all defects "is distinct from any duty to use due care in communicating information to respondent"). By contrast, when, as here, the "gist of the claim" lies in the negligence underlying a misrepresentation—the exception applies. *See United States v. Neustadt*, 366 U.S. 696, 711 (1961) (rejecting the Fourth Circuit's assertion

-4-

"that the Government owed respondents a 'specific duty' to make and communicate an accurate appraisal of the property" because, in passing the National Housing Act, Congress did not intend to "suspend the application of the 'misrepresentation' exception of the Tort Claims Act"); *Hamre v. United States*, 799 F.2d 455, 457 (8th Cir. 1986) (rejecting appellant's negligence claim because "[h]ere, as in *Neustadt*, any injury sustained by the appellants was proximately caused by their reliance upon representations made by the government appraiser").

Robinson's argument fails. The FAA's negligence in miscalculating his creditable service, on its own, did not cause him any harm. The real claim—that the FAA communicated erroneous information, and he relied on it—is the basis for his complaint. Where a plaintiff's injuries are caused by reliance on the misrepresentations of officials, and the plaintiff would not have been injured otherwise, the misrepresentation exception applies. *Neustadt*, 366 U.S. at 711 (finding that respondents' claim "arising out of misrepresentation" within the meaning of § 2680(h) "is not actionable against the Government under the Tort Claims Act"); *Bonuchi v. United States*, 827 F.2d 377, 380 (8th Cir. 1987) (finding that the plaintiff has "alleged no injury that they would have suffered independently of their reliance on the [error]").

In sum, Robinson asserts that if he had not relied on the FAA's representations about his creditable service, he would not have retired when he did. It was because the FAA *communicated* erroneous information that Robinson suffered an injury. In the district court's words: "No communication, no injury."

\* \* \* \* \* \* \*

The judgment is affirmed.

_____