**Porfirio DIAZ CASTRO, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. No. 77–938.

United States District Court, D. Puerto Rico.

June 16, 1978.

Eduardo Castillo Blanco, Feldstein, Gelpí, Toro, Hernández, San Juan, P. R., for plaintiff.

Julio Morales Sanchez, U. S. Atty., Old San Juan, P. R., for defendant.

## OPINION AND ORDER

TORRUELLA, District Judge.

Plaintiff, a Sergeant in the Police Department of the Commonwealth of Puerto Rico, seeks to recover damages from the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq., for personal injuries he claims were sustained aboard an Eastern Airlines aircraft.

The pertinent facts of this case may be summarized as follows:

On July 15, 1976, a superior officer ordered the Plaintiff to meet a returning Eastern Airlines flight. He boarded the plane accompanied by two other police officers, whereupon they learned that a child had been assaulted by an adult passenger. Plaintiff was then informed by a crew member as to the identity of the suspected assailant, Mr. Warren J. Campeau. Mr. Campeau was accompanied by two employees of the Veterans Administration who informed Plaintiff that they had the custody of the suspect. Plaintiff then informed one of the Veterans Administration employees that he was going to arrest and handcuff Campeau. The Veterans Administration employee informed him that Campeau had been sedated, that he was not dangerous and that he could not be handcuffed.

Plaintiff proceeded to remove the suspect from his seat and carried him down the aisle of the aircraft. While proceeding down the aisle, Plaintiff became tired and put Campeau down on a seat. It was then that Campeau somehow managed to reach for and remove Plaintiff's service revolver from its holster, shooting Plaintiff in the back and once again in one hand. Other officers then came to Plaintiff's aid and managed to subdue Campeau.

The claim against the United States is based on the allegation that the Government agents were negligent when they represented to Plaintiff that Campeau was not dangerous and that he had been sedated.

The question for decision in this case is whether the United States may be held liable under the aforestated circumstances. The Defendant has moved to dismiss contending that the alleged misrepresentation of Defendant's agents is a cause of action barred by the Federal Tort Claims Act and that Plaintiff's arrest of Campeau prior to the shooting removed him from under the care and custody of the United States.

■ Section 2680(h) of Title 28 excludes recovery under the Federal Tort Claims Act upon "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, *misrepresentation, deceit,* or interference with contract rights . . ." (Emphasis added).

These are substantive limitations of the Federal Tort Claims Act, *Indian Towing Co. v. United States,* 350 U.S. 61, 68, 76 S.Ct. 122, 100 L.Ed. 48 (1855), which should not be nullified through liberality of construction. *Toledo v. United States,* 95 F.Supp. 838 (D.C.Puerto Rico, 1951). This is so because Congress, in enacting these exclusions, was clearly specifying instances in which the United States has retained its cloak of sovereign immunity. *Scanwell Laboratories, Inc. v. Thomas,* 172 U.S.App. D.C. 281, 521 F.2d 941 (1975), cert. den. 425 U.S. 910, 96 S.Ct. 1507, 47 L.Ed.2d 761; see also *Zabala Clemente v. United States,* 567 F.2d 1140, 1146 (1st Cir., 1977), cert. den. —— U.S. ——, 98 S.Ct. 1876, 56 L.Ed.2d 388 (1978); *United States v. Van Meter,* 149 F.Supp. 493 (D.C.Cal., 1957).

■ The term "misrepresentation" as set forth in § 2680(h) must be construed according to the traditional and commonly understood legal definition of such tort. *United*

*States v. Neustadt,* 366 U.S. 696, 81 S.Ct. 1294, 6 L.Ed.2d 614 (1961). In this connection, it is well established that the exception comprehends claims arising out of negligent, as well as willful, misrepresentation. *Id.,* at 702, 81 S.Ct. 1294; *Fitch v. United States,* 513 F.2d 1013 (6th Cir., 1975), cert. den. 423 U.S. 866, 96 S.Ct. 127, 46 L.Ed.2d 95; *Rey v. United States,* 484 F.2d 45 (5th Cir., 1973); see also, *Coastwise Packet Co. v. United States,* 398 F.2d 77 (1st Cir., 1968), cert. den. 393 U.S. 937, 89 S.Ct. 300, 21 L.Ed.2d 274.

■ In interpreting the "misrepresentation" exception of 28 U.S.C. § 2680(h), the Courts have looked to federal rather than local law, and it has been decided that whether recovery on a claim for negligent misrepresentation is precluded by the statute is solely dependent upon what Congress meant by the language of subsection (h), and not upon whether state law would allow recovery under analogous circumstances. *Neustadt,* supra; *United States v. Sheehan Properties, Inc.,* 285 F.Supp., 608 (D.C.Minn., 1968).[1]

Both prior and subsequent to *Neustadt,* the federal courts have found a wide range of representations to fall within the exception of § 2680(h). By way of example, these decisions have considered negligent testing of livestock resulting in a false report that they were diseased,[2] advice of Veterans Administration officials causing a Plaintiff to lose veterans benefits,[3] negli-

gence in preparing a map which resulted in Plaintiff's drag line striking a natural gas pipeline,[4] and negligence of government employees in forecasting and warning of impending floods.[5]

Notwithstanding this broad application of the statutory exception, recovery has been permitted in two principal areas involving representations by employees of the United States which *proximately* caused injury to the person to whom the representation was made: (a) certain medical malpractice cases, and (b) negligent flight information cases. In the malpractice cases, recovery is predicated on the view that government physicians, apart from any duty to disclose pertinent medical facts, have the affirmative obligation to render proper care in the treatment of physical maladies. Generally, it is the failure to perform this latter duty that takes these cases out of the ambit of the exclusion where such failure is properly pleaded.[6] See, *Beech v. United States,* 345 F.2d 872, 874 (5th Cir., 1965); but see, *Ramirez v. United States,* 567 F.2d 854 (9th Cir., 1977). On the other hand, the flight information decisions, generally involving F.A.A. Air Traffic Controllers, avoid the exclusion mainly by deeming the controller's advice as an "operational task" rather than as a misrepresentation. See, *Ingham v. Eastern Air Lines, Inc.,* 373 F.2d 227 (2nd Cir., 1967), cert. den. 389 U.S. 931, 88 S.Ct. 295, 19 L.Ed.2d 292; *United Air Lines v. Weiner,* 335 F.2d 379 (9th Cir., 1963); *Sullivan v. United States,* 299 F.Supp. 621 (N.D.

1. Cf. *Reyes v. Heirs of Sánchez Soto,* 98 P.R.R. 299 (1970), in which the Supreme Court of Puerto Rico recognized a duty not to misrepresent information on which others relied and were thus deprived from bringing an action for compulsory acknowledgment.

2. *Hall v. United States,* 274 F.2d 69 (10th Cir., 1959).

3. *Steinmasel v. United States,* 202 F.Supp. 335 (D.S.D., 1962).

4. *Vaughn v. United States,* 259 F.Supp. 286 (N.D.Miss., 1966).

5. *Nat'l Mfg. Co. v. United States,* 210 F.2d 263 (8th Cir., 1954), cert. den. 347 U.S. 967, 74 S.Ct.

778, 98 L.Ed. 1108. In this case the Court stated:

"The purpose of excepting federal liability on account of negligent misrepresentation necessarily extends to negligent failure to represent which has the same effect as an affirmative misrepresentation. The intent of the section is to except from the Act cases where mere 'talk' or failure to 'talk' on the part of a government employee is asserted as the proximate cause of damage sought to be recovered from the United States." *Id.* at p. 276.

6. In view of this, and considering the peculiar factors involved in this type of case, Plaintiff's reliance upon them appears to be misplaced.

Ala., 1968). Cf. *Delta Air Lines, Inc. v. United States,* 561 F.2d 381 (1st Cir., 1977).[7]

With these general principles in mind, we shall now proceed to analyze the circumstances present in the case at bar.

█ Plaintiff submits that the real issue before the Court is whether the exception of § 2680(h) extends to actions for personal injuries. A careful analysis of the pertinent factors involved lead us to answer that question in the affirmative.

It is true that the "misrepresentation" tort has been confined "very largely to the invasion of interests of a financial or commercial character, in the course of business dealings." *Neustadt,* supra, n. 26. This general statement, however, does not preclude the application of § 2680(h) to actions for personal injuries based on alleged misrepresentations.

In *Clark v. United States,* 218 F.2d 446 (9th Cir., 1954)[8] an action for personal damages was instituted under the Federal Tort Claims Act. The asserted injuries arose when a river broke through an embankment and flooded a war housing project. The Plaintiffs sought to hold the United States accountable, *inter alia,* for the alleged negligence of a state agency which was a lessee of the federal government, because it undertook to and did give false assurances of safety to the residents. The Court of Appeals did not deem it necessary to review the findings of the trial court that the state agency was to be considered an agency of the United States for purposes of the Federal Tort Claims Act, since it concluded that the claims squarely fell within the purview of § 2680(h). The Ninth Circuit stated:

"Even though contrary assumptions be indulged, there could be no recovery for negligent misrepresentations of H.A.P. or

its employees. 28 U.S.C.A. 2680(h) exempts from the coverage of the Tort Claims Act any claim arising out of misrepresentation. Misrepresentation as used in this section has been held to include negligent as well as intentional misrepresentation." *Id.* at p. 452 (citations omitted).

In *Vaughn v. United States,* 259 F.Supp. 286 (N.D.Miss., 1966) a personal injury action was brought by a contractor's employee who was injured while working on a channel improvement project. He claimed negligence on the part of the United States in that the Government plans and drawings failed to show that a pipeline was within the area where the work was undertaken. The Court determined that the suit was barred by the statutory exclusion.

The case of *Bartie v. United States,* 216 F.Supp. 10 (W.D.La., 1963), cert. den. 379 U.S. 852, 85 S.Ct. 98, 13 L.Ed.2d 55, involved an action against the United States for the death of Plaintiff's wife and children in a hurricane. The suit was based upon the alleged negligence of the Weather Bureau in failing to give adequate warnings concerning the hurricane. The Court concluded that such was a claim "arising out of . . . misrepresentation" within the meaning of 28 U.S.C. § 2680(h) and hence, not actionable under the Federal Tort Claims Act.

The misrepresentation exception has also been held applicable to a wrongful death action based on a claim that the United States misrepresented the safety of a bridge which collapsed. *In re Silver Bridge Disaster Litigation,* 381 F.Supp. 931 (D.C. W.Va., 1974).[9]

The foregoing reveals that, contrary to the arguments of Plaintiff herein, courts have not hesitated in applying § 2680(h) for

---

7. Contrary to Plaintiff's assertion, this case simply does not warrant our incursion into the quagmires posed by the "operational task" line of cases. The gravamen of the complaint herein is misrepresentation, rather than the negligent performance of operational task. *Ingham,* supra, at 239.

8. This case was cited with approval in *Neustadt,* supra, 366 U.S. at 703, 81 S.Ct. 1294.

9. In the rather curious case of *Sánchez Tapia v. United States,* 338 F.2d 416 (2nd Cir., 1964), the Plaintiff brought a tort claim against the government seeking damages for fraud, deceit and false representations allegedly used to obtain his conviction in federal court. The Court of Appeals affirmed the dismissal of the complaint, holding that the action was barred by § 2680(h).

the sole reason that personal damages are claimed. Clearly the exception is just as applicable to actions involving personal injury and wrongful death as it is to those involving only financial or commercial loss, absent any indication that Congress intended such exception to apply only to the latter type of lawsuits. *Lloyd v. Cessna Aircraft Co.,* 429 F.Supp. 181 (E.D.Tenn., 1977).[10]

Plaintiff further attempts to have us circumvent the clear Congressional mandate envisaged in § 2680(h) by arguing that the damages caused him were occasioned by the fault or negligence of government agents. It is contended that failure of the representatives of the United States to take the necessary precautions in the discharge of a duty imposed upon them is a fact related to, but independent of the misrepresentation on which Plaintiff's liability theory is predicated.[11] We fail to grasp the soundness of this argument.

In determining the applicability of the statutory exceptions from the purview of the Federal Tort Claims Act, we must look not to the theory upon which the Plaintiff now elects to proceed, but rather to the substance of the claims which he asserts. *Lambertson v. United States,* 528 F.2d 441 (2nd Cir., 1976), cert. den. 426 U.S. 921, 96 S.Ct. 2627, 49 L.Ed.2d 374. Plaintiff's arduous description of his claim only states the commonly understood definition of the tort of negligent misrepresentation. *Neustadt,* supra, 366 U.S. at p. 706, 81 S.Ct. 1294. Paraphrasing from *Indian Towing Co. v. United States,* supra, nothing in the Tort Claims Act reveals that Congress intended to draw distinctions so finespun as to be almost incapable of being held in the mind for adequate formulation. *Id.* at p. 68, 76

S.Ct. 122. In this context, the following language is particularly relevant:

> ". . . To misrepresent means 'to give a false, improper or imperfect representation' and that is the charge against the government employees here." *National Mfg. Co. v. United States,* supra, at p. 276.

In view of the foregoing, we hold that this action is barred by 28 U.S.C. § 2680(h). That deprives us of subject matter jurisdiction to entertain the cause.[12] *Smith v. United States,* 546 F.2d 872 (10th Cir., 1976); *Morris v. United States,* 521 F.2d 872 (9th Cir., 1975); *Gibson v. United States,* 457 F.2d 1391 (3rd Cir., 1972).

WHEREFORE, the Clerk of the Court is instructed to enter Judgment dismissing the Complaint filed in this case.

IT IS SO ORDERED.

---

10. Plaintiff argues that § 2680(h) does not grant an exception in this case, insofar as it involves a tortious failure of a federal agency to perform a duty imposed upon it by law. The case of *Hicks v. United States,* 167 U.S.App. D.C. 169, 511 F.2d 407 (1975) is cited as supportive of this proposition.

Without facing the question of the existence *vel non* of such a duty towards Plaintiff herein, we find *Hicks* distinguishable. The Court in *Hicks* upheld liability because of the negligence of the United States in fulfilling an obligation grounded upon much more than the contents of a hospital's report, in consonance with the mal-

practice cases mentioned elsewhere in this opinion. Moreover, the Court in *Hicks* distinguished *Neustadt* stating that the complaint, unlike the one filed in this case, was not based upon injury to Plaintiff due to a negligent misrepresentation to them, upon which they relied. *Hicks,* supra, 511 F.2d at p. 414.

11. See Paragraphs 11 and 16 of the Complaint.

12. Notwithstanding their plausible merits, Defendant's other contentions need not be reached here, in view of our present holding.