Patricia Ann TAKACS, etc., Plaintiff,

v.

JUMP SHACK, INC., et al., Defendants.

No. C 77–481.

United States District Court, N. D. Ohio, E. D.

June 24, 1982.

Robert F. Voth, Stewart & DeChant Co., LPA, Cleveland, Ohio, for plaintiff Patricia Ann Takacs.

Philip J. Kolczynski, Civ. Div., Torts Branch, U. S. Dept. of Justice, Washington, D. C., Solomon Oliver, Asst. U. S. Atty., Cleveland, Ohio, for defendant United States.

Curtis J. Wilder, Trial Atty., Federal Aviation Admin., Washington, D. C., for defendant Federal Aviation Admin.

Lee Ravitz, Hudnut & Ravitz, Lathrup Village, Mich., for defendant Jump Shack.

MEMORANDUM OPINION AND ORDER

LAMBROS, District Judge.

The plaintiff, the acting fiduciary of the Estate of Edward R. Takacs, deceased, brought this action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* The plaintiff alleges that the defendants, either jointly, severally, or concurrently were careless and negligent in the design, manufacture, packing, inspection, certification, and allowing for sale and use of a parachute rig designed by Jump Shack, Inc.

Edward Takacs was killed January 3, 1976 when his main parachute failed to open during a jump made at the Mid-Florida Airport in Eustis, Florida. Plaintiff alleges that an attempt was made to deploy the reserve parachute, manufactured by Jump Shack, but that due to a design and/or manufacturing defect, it could not be deployed. The defendant United States

of America Department of Transportation—Federal Aviation Administration (FAA) had issued Jump Shack a Technical Standard Order (TSO) authorization which permitted Jump Shack to identify its parachutes with the applicable TSO marking.

The defendant FAA has now moved for summary judgment pursuant to Fed.R. Civ.P. 56(c) asserting, first, that it did not owe a direct duty to plaintiff's decedent under applicable state law and, second, that even if a duty was owed, this action is barred by the discretionary function and misrepresentation exceptions to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2680(a) and (h). The FAA's second assertion is well taken.

Under the long-established common law rule, the United States is not liable for the tortious acts of its officers, agents, or servants. Recognizing the potential injustice of this rule, Congress enacted the Federal Tort Claims Act in 1946. The FTCA enables victims to be compensated for governmental negligence in circumstances in which a private person would be liable. The FTCA, however, includes several express exclusions that preclude recovery on claims based on specifically described conduct.

■ The discretionary function exception, 28 U.S.C. § 2680(a) excludes:

Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

The Sixth Circuit Court of Appeals has held that the discretionary function exception bars liability based on "deliberate official decisions and directives." *Reminga v. United States*, 631 F.2d 449, 456 (6th Cir. 1980). The exception bars claims that the United States is liable for the failure of its officials to impose a strict set of air safety regulations. *Miller v. United States*, 522 F.2d 386 (6th Cir. 1975).

■ Part 37 of the Federal Aviation Regulations, 14 CFR § 37, sets forth the standards for the issuance of a TSO authorization. The regulation requires only that the Administrator prescribe such minimum performance standards as he finds necessary to ensure that the article concerned will operate satisfactorily. Deciding what these standards are to be is the type of policy decision that falls squarely within the discretionary function exception. *See Schindler v. United States*, 661 F.2d 552 (6th Cir. 1981).

Furthermore, as the Sixth Circuit has noted, there are sound policy considerations for not extending the Government's liability in situations in which the Government has issued authorizations of quality control standards. If suits were to be allowed in such instances, the effect would be to make the Government the insurer of all activity which comes under the Government's safety inspections. *See Garbarino v. United States*, 666 F.2d 1061, 1066 (6th Cir. 1981).

■ The discretionary function exception affords a valid defense if there is room for policy judgment and discretion. *Nelms v. Laird*, 442 F.2d 1163 (4th Cir.), *rev'd on other grounds*, 406 U.S. 797, 92 S.Ct. 1899, 32 L.Ed.2d 499 *reh'g denied*, 409 U.S. 902, 93 S.Ct. 95, 34 L.Ed.2d 165 (1971). The role of the FAA in issuing TSO authorizations involves a balancing of a myriad of factors. The administrator must first evaluate the applicant's quality control system; he must analyze the inspection and test procedures used to ensure that each article conforms to the type design, and is in a condition for safe operation; and he must also inspect all subsidiary manufacturers who are involved in the assembly of the product, and for whom the prime manufacturer is responsible. When the administrator has completed this preliminary analysis, he may then either approve the application or request additional information to assist him in his determination. The administrator, if he so decides, may personally inspect the articles

manufactured, the manufacturing facilities, the quality inspections and tests, and the technical data files.

In reviewing the appropriate FAA regulations for issuing the TSO authorization, this Court finds that under the facts of the present case, the role of the FAA in granting TSO authorizations involves considerable latitude for policy judgment and discretion. Thus, there exists discretion within the purview of the discretionary function exception outlined in 28 U.S.C. § 2680(a). *See Nelms*, 442 F.2d at 1165. Consequently, plaintiff is barred under 28 U.S.C. § 2680(a) from bringing this action against the FAA.

■ Even if this Court had determined that this action did not satisfy the discretionary function exception, this action against the FAA would still be barred under the misrepresentation exception of 28 U.S.C. § 2680(h) which excludes:

Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights. . . .

In essence, the plaintiff alleges that the FAA incorrectly inspected and certified Jump Shack's parachute manufacturing process, and was negligent in granting a TSO authorization. The plaintiff contends that her decedent relied upon this authorization.

■ Misrepresentation applies to those instances in which Congress has relegated to a governmental agency the duty either to disclose directly or to require private persons to disclose information to assist persons in the conduct of their affairs. This exception includes claims arising out of negligent as well as intentional misrepresentation. *United States v. Neustadt*, 366 U.S. 696, 81 S.Ct. 1294, 6 L.Ed.2d 614 (1961). Since the plaintiff alleges that the FAA was negligent in its inspection and certification process, this action falls within the scope of the misrepresentation exception delineated in *Neustadt.*

■ A critical factor used in determining if an action is barred under § 2680(h) is whether the action involves a direct reliance on the government's communication of facts, or whether the action involves a direct injury resulting from the negligent conduct of the government. Section 2680(h) was designed to exclude the former action from the FTCA. *Marival, Inc. v. Planes, Inc.*, 306 F.Supp. 855 (N.D.Ga.1969).

■ In the case at bar, the action is based upon negligent misrepresentation rather than negligent conduct, and hence is precluded by § 2680(h). The Supreme Court in *Neustadt* held that negligent inspections by governmental officials which result in incorrect information being reported, and possibly relied upon, arises out of misrepresentation. *Neustadt*, 366 U.S. at 706, 81 S.Ct. at 1300. When an injury results from a decision taken in reliance upon a governmental misrepresentation, and not from the negligent performance of an operational task, the action is barred. *Preston v. United States*, 596 F.2d 232, 238 (7th Cir. 1979). The plaintiff's decedent may have relied upon the FAA's TSO authorization; such reliance, however, involves only a reliance upon a governmental misrepresentation. The injury did not result from either the negligent conduct or negligent performance of an operational task. *See Ingham v. Eastern Airlines, Inc.*, 373 F.2d 227, 239 (2nd Cir. 1967) (where the gravamen of the complaint is the negligent performance of operational tasks, the government may not rely upon § 2680(h)). Consequently, the plaintiff's action is barred also by the misrepresentation exception to the FTCA.

■ The plaintiff relies on four cases in an effort to demonstrate the inapplicability of the misrepresentation exception. These cases are not persuasive. First, *Rapp v. Eastern Airlines, Inc.*, 264 F.Supp. 673 (E.D. Pa.1967) has been vacated by agreement. In addition, both *Rapp* and *Arney v. United States*, 479 F.2d 653 (9th Cir. 1973), were brought under the Admiralty Act, 46 U.S.C. §§ 742, *et seq.*, and not under the FTCA. Any action brought under the FTCA must meet its particular statutory prerequisite for liability. *United Scottish Insurance Co. v. United States*, 614 F.2d 188 (9th Cir.

1979). Relying on a case pertaining to the Admiralty Act to criticize an interpretation of the FTCA is inappropriate in lieu of the different statutory prerequisites involved.

The final two cases cited by the plaintiff, *Freeman v. United States*, 509 F.2d 626 (6th Cir. 1975), and *Stork v. United States*, 430 F.2d 1104 (9th Cir. 1970), are easily distinguished. In *Freeman*, the question before the court was whether the United States was liable for the deaths of sixteen persons and the injuries of two others because a pilot had been misinformed about his location by an air traffic controller. *Stork* dealt with the failure of air traffic controllers to warn a pilot about poor visibility. In each case, the critical element was the negligent performance of an operational task. As stated previously, the case at bar involves at most negligent misrepresentation, and not negligent conduct. Thus, the comparison which the plaintiff attempts to make between the cases is not appropriate.

Inasmuch as this action is barred by 28 U.S.C. § 2680(a) and § 2680(h), the FAA's motion for summary judgment pursuant to Rule 56(c) of the Fed.R.Civ.P. is hereby granted.

IT IS SO ORDERED.