**Ronald MULLENS, et al., Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 91–0140–B.**

United States District Court, D. Maine.

Feb. 12, 1992.

Marvin H. Glazier, Vafiades, Brountas & Kominsky, Bangor, Me., for plaintiffs.

George T. Dilworth, Asst. U.S. Atty., Bangor, Me., Stephen E. Handler, U.S. Dept. of Justice, Washington, D.C., for defendant.

### ORDER AND MEMORANDUM OF OPINION

BRODY, District Judge.

This matter is before the Court on the Defendant United States of America's Motion to Dismiss the Plaintiffs' Amended Complaint or, in the Alternative, for Summary Judgment. The United States argues that several counts of the Plaintiffs' amended complaint should be dismissed for lack of subject matter jurisdiction, Fed.

R.Civ.P. 12(b)(1), and that the remaining counts should be dismissed for failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6). The United States supported its motion with a single affidavit, a brief Statement of Undisputed Material Facts, and copies of claim forms and correspondence between the United States and the Plaintiffs' former attorney. The Plaintiffs submitted a memorandum of law in opposition to the United States' motion together with a short Statement of Undisputed Material Facts.

Consideration of material in addition to the pleadings on a motion to dismiss is discretionary. Rather than consider the additional material and convert the United States' 12(b)(6) motion into a motion for summary judgment, the Court elects to exclude it. For the reasons set forth below, the Court *GRANTS* the motion to dismiss.

### I. *Background*

On June 23, 1988, Ronald and Valerie Mullens purchased a home in Milo, Maine from the Farmer's Home Administration ("FmHA"), a division of the United States Department of Agriculture ("USDA"). The home contained lead-based paint. Their infant daughter, Kendra Mullens, developed lead poisoning and was hospitalized.

According to the Mullens, the USDA agreed to pay them $31,000 to settle their claim. The Mullens further allege that the USDA reneged on that "Agreement." Attached to the Mullens' amended complaint is a copy of an order issued by a Maine state court in an ex parte proceeding purporting to affirm a $15,000 settlement on behalf of Kendra Mullens. Also appended to the Mullens' amended complaint is a letter from the USDA indicating that the USDA's request for the authority to settle the claim for $31,000 was considered and denied by the Department of Justice ("DoJ").[1]

After the Mullens' claim was denied, they filed this action seeking to recover on the grounds of negligence, negligent misrepresentation, breach of contract, estoppel and res judicata.

### II. *Standard of Review*

■ When considering a motion to dismiss under Rule 12(b)(6), the Court takes the complaint's allegations as true, *Knight v. Mills*, 836 F.2d 659, 664 (1st Cir.1987), and construes the entire complaint in the light most favorable to the plaintiff. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). Material attached to the amended complaint may be considered without converting the motion to dismiss into a motion for summary judgment. *In re Lane*, 937 F.2d 694, 696 (1st Cir.1991). The Court need not accept conclusory allegations concerning the legal effect of events which do not reasonably follow from more specific facts alleged to have occurred. *Kadar Corp. v. Milbury*, 549 F.2d 230, 235 (1st Cir.1977).

### III. *Discussion*

A. Negligence and Negligent Misrepresentation

The Plaintiffs' first two counts seek recovery for negligence and negligent mis-

---

1. The following additional facts are drawn from the parties' statements of undisputed material facts. They are included here not because the Court relied upon any of these facts in ruling on the motion to dismiss, but rather because they provide pertinent background information.

On November 13, 1989, the Mullens submitted a claim under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, ("FTCA") to the USDA office in Orono, Maine, claiming that the FmHA failed to disclose the presence of lead-based paint in the home they purchased. The Mullens' itemized claim sought "$21,000 plus": $16,000 for property damage and "$5,000 plus" for personal injury. In May, 1990, the USDA approved the Mullens' claim for $21,000.

In June or July, 1990, however, the Mullens submitted an amended claim for "$31,000": $16,000 for property damage and "$15,000 plus" for personal injury. The USDA forwarded the amended claim to DoJ because 28 U.S.C. § 2672 (1988) requires that all claims over $25,000 be submitted to the DoJ. The DoJ reviewed the new claim for "$31,000 plus," determined that the misrepresentation exception to the FTCA applied, and directed the USDA to deny the claim.

Although the Government has not raised the issue, the Court notes that the claims for "$21,000 plus" and "$31,000 plus" may well violate the requirement that claims under the FTCA be for a sum certain. *See generally Corte-Real v. United States*, 949 F.2d 484 (1st Cir.1991).

representation respectively. The Mullens' negligence claim alleges that the United States knew or should have known that the home contained lead-based paint; that the United States had a statutory obligation to notify prospective purchasers of the presence of lead-based paint; and that the United States failed to notify them that the home contained lead-based paint.[2] In sum, the Mullens allege that the United States negligently failed to warn them of a hazardous condition. The Mullens' negligent misrepresentation claim is also based on the United States' failure to warn and further alleges that the Mullens "relied on this negligent misrepresentation" when they purchased the home. Amended Cmplt. ¶ 16.

Claims for negligence and negligent misrepresentation asserted against the United States fall within the ambit of the FTCA. The FTCA is a limited waiver of the United States' sovereign immunity. Under the FTCA, the United States accepts liability for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office of employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). Among the FTCA's many exclusions, however, are claims "arising out of ... misrepresentation...." 28 U.S.C. § 2680(h).

The United States argues that the Mullens' negligence and negligent misrepresentation claims must be dismissed for two reasons. First, the United States contends that both counts are barred by the misrepresentation exception to the FTCA. Second, the United States argues that both claims are barred because a private person would not be liable to the claimant for failure to warn under Maine law. Because the Court is persuaded that the misrepresentation exception applies, it is not necessary to determine whether Maine law permits a lawsuit for failure to warn under these circumstances.

■ The misrepresentation exception to the FTCA bars suits based on negligent as well as deliberate misrepresentations, *United States v. Neustadt*, 366 U.S. 696, 81 S.Ct. 1294, 6 L.Ed.2d 614 *passim* (1961), whether based on "false statements or a failure to provide information which [the government] had a duty to provide," *Green v. United States*, 629 F.2d 581, 584–85 (9th Cir.1980).

The First Circuit dealt with the misrepresentation exception at length in *Jimenez–Nieves v. United States*, 682 F.2d 1 (1st Cir.1982). The First Circuit wrote:

> In determining the proper scope of the § 2680(h) exceptions, we must turn to the "traditional and commonly understood definition of the tort." *United States v. Neustadt*, 366 U.S. 696, 706 [81 S.Ct. 1294, 1300, 6 L.Ed.2d 614] (1961). To accomplish this task, we refer, as did the Supreme Court in *Neustadt*, to the Restatement (Second) of Torts, and to federal cases construing the exception.
>
> .     .     .     .     .
>
> While the Restatement indicates that the tort of misrepresentation involves the dissemination of information generally and not only in commercial contexts, it makes clear that one essential element of misrepresentation remains reliance *by the plaintiff himself* upon the false information that has been provided.

*Id.* at 3–4 (emphasis in original).

Whether the misrepresentation exception applies, then, depends on whether the Mullens' claims for negligence and negligent misrepresentation involve reliance by the Mullens on the Government's failure to notify them that the home contained lead-based paint. Substance rather than form guides this Court's inquiry. "In examining a complaint we are bound to look beyond the literal meaning of the language used to

---

**2.** The amended complaint does not allege that the United States had a statutory duty to *remove* the lead-based paint, only that the United States failed to *notify* the Mullens that lead-based paint was present.

ascertain the real cause of the complaint." *Id.* at 6.

■ The negligent misrepresentation count explicitly alleges that the "Plaintiffs, in reliance on this negligent misrepresentation, purchased the home from the Defendant." Amended Cmplt. ¶ 16. The negligence count implicitly alleges that the Plaintiffs relied on the information they received from the United States. Clearly, if the Plaintiffs did not rely on the failure to warn—if they did not deem the information which they did not receive material to their decision to purchase—then the failure to warn could not logically have been a cause of their injuries. Thus, at their core, both claims involve reliance by the Plaintiffs upon information which the United States had a duty to disclose and are therefore barred by the misrepresentation exception to the FTCA.

The Mullens argue that this Court should not apply the misrepresentation exception because of the nature of the statements upon which they relied. The line of cases upon which the Mullens rely, however, is inapposite. *See generally, Jimenez–Nieves,* 682 F.2d at 5 (discussing "operational" statements ·by the Government where the element of reliance is necessarily lacking) (citing the principal cases relied upon by the Plaintiffs).

■ The Mullens also argue that the misrepresentation exception should not apply because they suffered only personal rather than economic injury. The Plaintiff's revisionist interpretation of their own amended complaint ignores the plain language of the damages claim that "Ronald and Valerie Mullens suffered financial loss ... in terms of what will be required to repair their home to remove said lead-based paint." Amended Cmplt. ¶ 10, 17. In any event, "the [misrepresentation] exception is just as applicable to actions involving personal injury and wrongful death as it is to those involving only financial or commercial loss...." *Diaz Castro v. United States,* 451 F.Supp. 959 (D.P.R.1978) (Toruella, J.). *See also Hamre v. United States,* 799 F.2d 455, 459 (8th Cir.1986) (applying misrepresentation exception to personal in-

juries in case premised on negligent inspection by FmHA). The Plaintiffs' claims for Kendra Mullens' personal injuries and for "pain, suffering, emotional distress, anxiety and other financial loss" experienced by the elder Mullens are also barred.

■ The Mullens also argue that the misrepresentation exception does not apply because the injury they suffered did not occur in a commercial setting. Even if the Court accepted the argument that the sale of a home is not a commercial transaction, it is clear in this circuit that "the tort of misrepresentation [and hence the FTCA exception] involves the dissemination of information generally and not only in commercial contexts...." *Jimenez–Nieves,* 682 F.2d at 4.

The Mullens' final argument, that this case is analogous to *Block v. Neal,* 460 U.S. 289, 103 S.Ct. 1089, 75 L.Ed.2d 67 (1983), is also unavailing. *Block* affirmed that "the essence of an action for misrepresentation ... is the communication of misinformation on which the recipient relies." *Id.* at 296, 103 S.Ct. at 1093. In *Block,* the plaintiff's negligence action "focus[ed] not on the Government's failure to use due care in communicating information, but rather on the Government's breach of a different duty." *Id.* at 297, 103 S.Ct. at 1094. The Mullens, in contrast, have pled their negligence count as a breach of the duty to warn which plainly does focus on the Government's failure to use due care in communicating information. The claims for negligence and negligent misrepresentation must be dismissed pursuant to Rule 12(b)(1). *See, e.g., Diaz Castro,* 451 F.Supp. at 963 (dismissing for lack of subject matter jurisdiction rather than failure to state a claim on which relief can be granted).

**B. Breach of Contract**

Count III of the amended complaint alleges that the United States "agreed to pay the Plaintiffs Thirty–One Thousand Dollars ($31,000) in exchange for the Plaintiffs executing Settlement and Release Documents, releasing Defendant from its liability for

the actions complained of herein." Amended Cmplt. ¶ 19. In addition, the amended complaint alleges that the United States breached an "Agreement with the Plaintiffs." *Id.* ¶ 21.

■ As the United States argues and the Mullens concede, claims for breach of implied or express contract where the damages exceed $10,000 in amount are within the exclusive jurisdiction of the United States Claims Court. 28 U.S.C. § 1346(a)(2); *American Science & Eng'g, Inc. v. Califano,* 571 F.2d 58, 62 (1st Cir. 1978). Count III is therefore dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1), without prejudice.[3]

### C. Estoppel

■ The Mullens claim in Count IV that the United States is estopped from "denying that the Plaintiffs are entitled to judgment in the amount of $31,000." Amended Cmplt. ¶ 19. Plaintiffs' amended complaint does not indicate that a settlement agreement in a lesser amount was entered into by the Mullens and the United States. The Court, therefore, considers the Mullens' estoppel argument only with respect to their claim for $31,000.[4]

As the United States argues, this case is controlled by the Supreme Court's recent decision in *Office of Personnel Management v. Richmond,* 496 U.S. 414, 110 S.Ct. 2465, 110 L.Ed.2d 387 (1990). The payment of money from the Treasury must be authorized by statute. *Id.* 110 S.Ct. at 2471. As discussed above, the United States has specifically declined to accept liability for torts based on misrepresentation. "[J]udicial use of the equitable doctrine of estoppel cannot grant [a plaintiff] a money remedy that Congress has not authorized." *Id.* at 2472. In sum, the United States is not estopped from refusing to pay money which a government employee was without statutory authority to authorize.[5]

### D. Res Judicata

■ Finally, the Mullens allege that the state court order purportedly approving a settlement for $15,000 on behalf of Kendra Mullens is res judicata. This claim is without merit.

It is abundantly clear that United States "district courts ... shall have *exclusive* jurisdiction of civil actions on claims against the United States, for money damages" arising under the Federal Tort Claims Act. 28 U.S.C. § 1346(b) (emphasis added). As discussed earlier, the United

---

3. The breach of contract count is also subject to dismissal because the Mullens' amended complaint plainly does not support the allegation that the United States agreed to settle the Mullens' claim for $31,000. As indicated earlier, the Court need not accept conclusory allegations concerning the legal effect of events which do not reasonably follow from more specific facts alleged to have occurred. The letter from the USDA which the Mullens attached to and incorporated into their amended complaint plainly indicates that the USDA had not agreed to a $31,000 settlement but had merely transmitted the request to the DoJ for review. The letter indicates equally clearly that the DoJ rejected the settlement request.

4. The Mullens' memorandum ignores the plain language of their amended complaint which mentions only an alleged settlement for $31,000. Obviously, to state an estoppel claim with respect to the $21,000 settlement agreement, the Plaintiffs would have to amend their complaint.

   Although this Court need not now decide the issue, it is doubtful that the Plaintiffs would prevail if they do amend their complaint to state an estoppel claim based on the $21,000 settle-

ment agreement. Because the Mullens' claims are barred by the misrepresentation exception to the FTCA, the USDA may well have lacked authority to settle the claim for any amount. The United States caught the mistake after the USDA erroneously approved a settlement agreement for $21,000, but before payment was made.

5. In their memorandum in opposition to the motion to dismiss, the Mullens argue that their claim had a $16,000 component and a $15,000 component both of which were separately approved by the USDA. The Mullens also argue that the USDA approved a $21,000 settlement. The Mullens argue that each of these amounts could be approved by the USDA without DoJ review pursuant to 28 U.S.C. § 2672. Their amended complaint, however, mentions only a single $31,000 "Agreement."

   Again, to state the claim which the Mullens raise for the first time in their memorandum they would have to amend their complaint. And, again, even if the Mullens do amend their complaint, they are unlikely to be able to prove that the USDA had the authority to settle the claim for any amount.

States Claims Court has exclusive jurisdiction over the Mullens' breach of contract claim. The state court could not enter a binding judgment on any of the underlying claims. Its judgment has no preclusive effect. Moreover, the Maine state court was without jurisdiction under Maine law to consider and approve a settlement on behalf of Kendra Mullens. Maine Rule of Civil Procedure 17A permits an application for approval of a settlement only in actions commenced by or on behalf of a minor in Maine state court or if no action has been commenced if an action could have been brought in Maine state court. Plainly, no action was or could have been commenced in Maine state court on the Mullens' tort or contract claims.

## IV. *Conclusion*

The Court is not without sympathy for the Mullens' plight. When the government sells homes, many purchasers probably believe that they can rely on the government to accurately disclose the condition of the property, particularly when the government bears a statutory obligation to do so. Indeed, purchasers may believe that the government is even less likely to misrepresent information than a private seller. The Supreme Court tells us that "we may assume with confidence that Government agents attempt conscientious performance of their duties...." *Richmond*, 110 S.Ct. at 2476. Unfortunately, in some instances, mistakes are made. Disclosure may be inaccurate or incomplete, and an unwary citizen may suffer damage. Neither the courts nor members of the executive branch, however, are permitted to order that compensation be paid under the FTCA. Congress has determined that citizens should not be able to hold their government liable for misrepresentations. Similarly, courts are without power to hold that the government is estopped from refusing to pay compensation which a government employee has exceeded his or her authority in authorizing.

6. The Mullens are not precluded from petitioning Congress for relief. *See generally, Rich-*

Pursuant to Rule 12(b)(1), Plaintiffs' claims for negligence and negligent misrepresentation must be dismissed.[6] In addition, because this Court is without jurisdiction to hear a breach of contract dispute involving the United States for an amount in excess of $10,000, Plaintiffs' claim for breach of contract must be dismissed under Rule 12(b)(1). Finally, because the Mullens' estoppel and res judicata claims are meritless, they must be dismissed under Rule 12(b)(6).

SO ORDERED.