FINA AIR INC., Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civil No. 06–2219 (FAB).

United States District Court,
D. Puerto Rico.

May 28, 2008.

Peter John Porrata, Peter John Porrata Law Office, San Juan, PR, for Plaintiff.

Andrew M. Eschen, U.S. Department of Justice, Washington, DC, Isabel Munoz–Acosta, United States Attorney's Office, San Juan, PR, for Defendant.

## OPINION AND ORDER

FRANCISCO A. BESOSA, District Judge.

On January 25, 2007, plaintiff Fina Air Inc. ("Fina") filed an amended complaint against the United States of America [1], pursuant to the Federal Torts Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671 *et seq.* (Docket No. 4) On May 24, 2007, the United States filed a motion to dismiss for lack of subject matter jurisdiction. (Docket No. 7) On July 3, 2007, plaintiff opposed defendant's request. (Docket No. 13) Defendant filed a reply and plaintiff a sur-reply. (Docket Nos. 15 and 19)

For the reasons stated below, defendant's motion to dismiss is **GRANTED.**

### I. Factual Background

Fina, a business incorporated in 2003 under the laws of the Commonwealth of Puerto Rico, is a small airline dedicated mainly to the transportation of passengers from Puerto Rico to the Dominican Republic. (Docket No. 4, Amended Complaint, ¶¶ 4 and 5)

To provide transportation services as an air carrier, Fina needed to obtain authorization from the Federal Aviation Administration ("FAA"). In or about February 2003, Fina filed a petition with the FAA in the San Juan Flight Standards District Office ("FSDO") requesting a Part 135 Certificate for Commuter and On–Demand Operations ("Part 135 Certificate") to operate its three (3) SAAB 340A aircraft. The FSDO informed Fina that its personnel (pilots, aviation mechanics and flight

---

1. Fina originally brought suit against the Federal Aviation Administration, but amended its complaint to name the United States as the defendant pursuant to the Federal Tort Claims Act.

attendants) had to be certified by a qualified flight academy in order to receive the Part 135 Certificate. Because Fina did not have its own flight academy, it sought permission from the FAA to use the Pan Am International Flight Academy ("Pan Am") to train its personnel. Fina alleges that the FAA sent Ismael Ortiz (from the FSDO) to investigate Pan Am, and that Pan Am was later approved and certified as a qualified academy to provide the necessary training to Fina's personnel. After Pan Am was supposedly approved as a qualified academy, Fina allegedly invested approximately three hundred and fifty thousand dollars ($350,000), in addition to salaries, *per diem* and lodging, to train its personnel at Pan Am, relying on what it alleges was Pan Am's certification as a qualified academy by the FAA. *Id.*, at ¶¶ 7–13, 18.

On October 3, 2003, the FSDO approved and issued Fina's Part 135 Certificate. Ten (10) months after Fina commenced its flights, however, the FAA/Atlanta Regional Office ("Atlanta Office") sent a six (6) man team to Puerto Rico to investigate Fina's operations. After the investigation, the Atlanta Office informed Fina's president, Lazaro Canto, that its pilots had been flying illegally because Pan Am was not a qualified academy and therefore could not have certified Fina's pilots. The Atlanta Office also found that Fina's planes did not comply with the required updates of its aircraft manuals. Consequently, it required Fina to ground their three (3) aircraft. Fina then questioned the FSDO—which initially certified Pan Am as a qualified academy—about the Atlanta Office's determination that Pan Am was not a qualified academy. *Id.*, at ¶¶ 14–19.[2] This suit followed.

## II. Discussion

### A. Motion to Dismiss Standard under Rule 12(b)(1)

As courts of limited jurisdiction, federal courts have the duty to construe their jurisdictional grants narrowly. *Alicea–Rivera v. SIMED*, 12 F.Supp.2d 243, 245 (D.P.R.1998). The party asserting jurisdiction has the burden of demonstrating its existence. *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir.1995); *Droz–Serrano v. Caribbean Records Inc.*, 270 F.Supp.2d 217 (D.P.R.2003).

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss an action for lack of subject matter jurisdiction. A court's subject matter jurisdiction can be challenged in two different ways under this rule. *Valentin v. Hospital Bella Vista*, 254 F.3d 358, 363 (1st Cir.2001). The first is a "facial attack" and the second, a "factual attack". *Valentin*, 254 F.3d at 363.

In a "facial attack" challenge, the party seeking dismissal only questions the sufficiency of the pleading. *Ohio Nat. Life Ins. v. United States*, 922 F.2d 320, 325 (6th Cir.1990) The "facial attack" challenge requires the court merely to determine "whether the plaintiff has sufficiently alleged a basis for subject matter jurisdiction, and the allegations in [the] complaint are taken as true for purposes of the motion." *Torres–Negron v. J & N Records, LLC*, 504 F.3d 151, 162 (1st Cir.2007); *Compagnie Maritime Marfret v. San Juan Bay Pilots Corp.*, 532 F.Supp.2d 369, 373 (D.P.R.2008). The court must also draw all reasonable inferences in the plaintiff's favor in reaching its final determination. *Valentin*, 254 F.3d at 363.

---

**2.** According to the complaint, Fina "led all efforts in trying to *convince* the FAA/San Juan Field Office" that Pan Am was qualified to certify Fina Air's personnel. (Docket No. 4, ¶ 18)

In a "factual attack" challenge, on the other hand, the party seeking the dismissal does not argue that the plaintiff did not properly plead jurisdiction; it "... asserts that jurisdiction is lacking on the basis of facts outside of the pleadings." *Compagnie Maritime Marfret*, 532 F.Supp.2d at 373. The court is not limited to the allegations in the complaint and may look beyond the pleadings when a "factual attack" challenge is made. *Rivera Torres*, 502 F.Supp.2d at 247, n. 3; *Compagnie Maritime Marfret*, 532 F.Supp.2d at 373.

As a general rule, "a pleading's allegations of jurisdiction are taken as true unless denied or controverted by the movant." *Torres–Negron*, 504 F.3d at 162. Therefore,

> ... if the movant fails to contradict the pleader's allegation of subject matter jurisdiction in his motion to dismiss [for lack of subject matter jurisdiction], then he is presumed to be challenging the pleading's sufficiency under Rule 8(a)(1), and the allegations of the pleading pertaining to jurisdiction are taken as true. But if the movant, either in his motion or in any supporting materials, denies or controverts the pleader's allegations of jurisdiction, then he is deemed to be challenging the actual existence of subject matter jurisdiction, and the allegations of the complaint are not controlling. *Id.* (*citing* 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1363, at 643–54 (1969).)

When addressing a Rule 12(b)(1) motion that involves factual questions, the court must engage in a two part inquiry. First, it must determine whether the relevant facts, those which would determine the courts jurisdiction, also implicate elements of the plaintiffs cause of action. *Torres–Negron*, 504 F.3d at 162–163; *Compagnie Maritime Marfret*, 532 F.Supp.2d at 373. If the court finds that "the jurisdictional issue and substantive claims are so intertwined that the resolution of the jurisdictional question is dependent on factual issues going to the merits, it should employ the standard applicable to a motion for summary judgment." *Torres–Negron*, 504 F.3d at 162. The court should grant the motion to dismiss only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. *Id.*, at 163. Conversely, if the relevant facts are not intertwined with the merits of plaintiff's claim, the court must apply the second part of the test. This second part of the analysis allows the court to proceed as it never could under Federal Rule of Civil Procedure 12(b)(6) and it is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.*, at 163 (*citing Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir.1990)).

### B. *Federal Tort Claims Act*

The FTCA provides a limited waiver of the United States' sovereign immunity. The Act provides that the United States is liable for torts caused by negligent acts or omissions of employees of the Government while acting under circumstances where the Government, **if a private person,** would be liable under the law of the place where the act or omission occurred. 28 U.S.C. §§ 1346(b)(1) and 2674 (emphasis added); *United States v. Olson*, 546 U.S. 43, 126 S.Ct. 510, 163 L.Ed.2d 306 (2005)(holding that the United States waives sovereign immunity where local law would make a private person liable in tort under analogous, not the same, circumstances.); *Abreu–Guzman v. Ford*, 241 F.3d 69, 75 (1st Cir.2001).

▮ Exceptions to immunity contained in the FTCA must be strictly construed in favor of the United States. *Lehman v. Nakshian*, 453 U.S. 156, 160, 101 S.Ct.

2698, 69 L.Ed.2d 548 (1981); *Dynamic Image Technologies, Inc. v. United States*, 221 F.3d 34, 39 (1st Cir.2000). The exceptions to the FTCA's waiver of immunity are listed in 28 U.S.C. § 2680. Section 2680(h) states that the waiver of immunity shall not apply to "any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, **misrepresentation,** deceit or interference with contract rights." (emphasis added) 28 U.S.C. § 2680(h); *Block v. Neal*, 460 U.S. 289, 103 S.Ct. 1089, 75 L.Ed.2d 67 (1983); *United States v. Neustadt*, 366 U.S. 696, 81 S.Ct. 1294, 6 L.Ed.2d 614 (1961). The federal government is not liable for the acts or omissions of government employees giving rise to any claim arising under the type of conduct listed in § 2680(h).

■ When assessing the misrepresentation exception, the court must construe the term misrepresentation according to the traditional and commonly understood legal definition of that tort. *United States v. Neustadt*, 366 U.S. 696, 706, 81 S.Ct. 1294, 6 L.Ed.2d 614 (1961); *Diaz Castro v. United States*, 451 F.Supp. 959, 960–961 (D.P.R.1978). The traditional legal definition of negligent misrepresentation is the "... duty to use due care in obtaining and communicating information upon which [the plaintiff] may reasonably be expected to rely ..." *Block*, 460 U.S. at 296, 103 S.Ct. 1089 (*quoting Neustadt*, 366 U.S. at 706–707, 81 S.Ct. 1294). It encompasses negligent as well as willful misrepresentation. *Neustadt*, 366 U.S. at 702, 81 S.Ct. 1294.

■ Because exceptions to sovereign immunity must be strictly construed in favor of the United States, "... causes of action distinct from those excepted under § 2680(h) are nevertheless deemed to be barred when the underlying governmental conduct essential to the plaintiff's claim can fairly be read to arise out of conduct that would establish an excepted cause of action." *Atorie Air, Inc. v. F.A.A. of U.S. Dept. Of Transp.*, 942 F.2d 954, 958 (5th Cir.1991); *Williamson v. United States Dept. Of Agriculture*, 815 F.2d 368, 377 (5th Cir.1987). Hence, even if the complaint is "cast in the guise of a negligence action, this does not automatically take the case outside the misrepresentation exception." *Neustadt*, 366 U.S. at 703, 81 S.Ct. 1294 (*quoting Hall v. United States*, 274 F.2d 69, 71 (10th Cir.1959)). The court must "look beyond the literal meaning of the language to ascertain the real cause of the complaint." *Neustadt*, 366 U.S. at 703, 81 S.Ct. 1294.

■ The court must therefore first look beyond the plaintiff's characterization of the claim and determine its underlying basis. *Diaz Castro*, 451 F.Supp. at 963. Second, if misrepresentation is essential to the claim, then the action is barred by the FTCA even if there is negligence involved. *Neustadt*, 366 U.S. at 702–704, 81 S.Ct. 1294. Third, if the party relies on information provided by a government agent, the plaintiff must allege an injury caused by the breach of a different duty independent of the government's representation. *Block*, 460 U.S. at 297, 103 S.Ct. 1089 (Holding that plaintiff's claim was not barred by the misrepresentation exception because misrepresentation was not essential to the claim.)

### III. Analysis

#### A. Defendant's motion to dismiss

In its motion to dismiss, the United States makes a facial attack challenge on plaintiff's claim on two grounds. First, it argues that Fina failed to demonstrate that, under Puerto Rico tort law, a private person would be liable in analogous circumstances as required by the FTCA to be

able to bring suit against the federal government.[3] It further alleges that plaintiff's claim is barred by the FTCA because it is based on the tort of misrepresentation (Docket No. 8 at p. 9, 12). The United States does not controvert the factual allegations made by Fina in its complaint. All it does is restate the facts more completely and eloquently, and paint a clearer picture for the court. Therefore, the court will confine its analysis to the pleadings and will not consider extrinsic evidence. The court evaluates both arguments in turn.

### 1. The FTCA's "private analogous conduct" requirement

■ Provided an exception under § 2680 does not apply, the federal government is liable for torts to the extent that a private person would be liable under like circumstances in the place where the act or omission occurred. 28 U.S.C. § 2674; *Olson*, 546 U.S. at 44, 126 S.Ct. 510.

To establish the private analogous conduct requirement of the FTCA, plaintiff claims that the FAA is liable to it under a negligence theory pursuant to article 1802 and 1803 of the Puerto Rico Civil Code. P.R.Laws.Ann. tit. 31 §§ 5141, 5142 (Docket No. 4, ¶¶ 26, 27). In its amended complaint and its opposition to the United States' motion to dismiss, Fina merely re-

fers to article 1802 and the factors to be considered by a court in assessing a negligence action under Puerto Rico law, but cites to no case holding what it argues before this court: that a private person would be liable under Puerto Rico law for providing inaccurate information to another who needs it in order to achieve certification. (Docket Nos. 4, p. 5 and 13, p. 14–15) Plaintiff also made no effort whatsoever to apply article 1802 to the facts at hand to show that defendant owed it a duty of care. Its reliance on article 1802 and nothing else is not sufficient to establish that a private person would be liable in analogous circumstances. *Muniz–Rivera v. United States*, 204 F.Supp.2d 305, 312 (D.P.R.2002); *Zabala Clemente v. United States*, 567 F.2d 1140, 1143 (1st Cir.1977).[4]

### 2. The Misrepresentation Exception

■ As an additional ground to dismiss plaintiff's complaint, the United States alleges that the claim is based on misrepresentation and is therefore barred pursuant to § 2680(h) of the FTCA.

Fina first argues that its claim is not barred by the misrepresentation exception because it has not mentioned the term misrepresentation or claimed any misrepresentation by the United States in any of the documents it has filed with the court.[5]

---

**3.** One of defendant's arguments is that the activity engaged in by the FAA is purely regulatory and, as such, a private individual could not be liable. (Docket No. 8) Defendant's argument is incorrect. The issue here involves the FAA's communications to Fina, not its regulations. Nevertheless, nongovernmental actors can engage in regulatory activities, e.g. NCAA. Nat'l Collegiate Athletic Assoc., 2007–2008 Division I Manual: Constitution, Bylaws, Administrative Bylaws (2007). The United States' argument is also flawed because the FTCA "requires a court to look to the state law liability of *private entities, not that of public entities*, when assessing the Government's liability [. . .] in the performance of activities which private persons do

not perform." *Olson*, 546 U.S. at 46, 126 S.Ct. 510 (emphasis added).

**4.** Even assuming, *arguendo*, that plaintiff has successfully established that a private person would be liable under Puerto Rico law under analogous circumstances and owed a duty to Fina, the claim is still barred because it falls under the misrepresentation exception to the FTCA. See *infra.*, pp. 326–28.

**5.** Contradictorily, Fina argues that it does not use the term misrepresentation at any time while at the same time acknowledges that this is of no consequence to the determination of the outcome because the court must look be-

It then proceeds to invite the court to review these documents and challenges it to find the term misrepresentation. (Docket No. 13, p. 11) Fina's argument is without merit. It is well-established that it does not matter how a party names or characterizes its claim; the court will look beyond this characterization to determine what is the essence of the claim. *Neustadt*, 366 U.S. at 703, 81 S.Ct. 1294; *Diaz Castro*, 451 F.Supp. at 963.

In *Hall v. United States*, the plaintiff claimed that the defendant was liable to him for damages because of negligent testing of his cattle rather than the erroneous report that the cattle were diseased. 274 F.2d 69, 71 (10th Cir.1959). The court in *Hall* looked beyond this characterization and at the circumstances surrounding Hall's damages, and determined that the real cause of his injuries was the erroneous report given to him by defendant, on which he had relied to his detriment. Therefore, even if Fina attempted to disguise its claim as a negligent certification of Pan Am, it would still not fare any better than its complaint of "mis-indications" [sic]. (Docket No. 13, p. 11)

This case is analogous to *Safari Aviation, Inc. v. United States*, 2008 WL 1960145 (D.Hawai'i 2008). In that case the plaintiff characterized its claims as negligent licensing and negligent approval by the FAA. The court, however, looked at the surrounding circumstances and determined that Safari's claim was actually based on its detrimental reliance on a communication made by the FAA. *Id.*, at *9. Barred by the FTCA as a mis-representation claim, the court will not give any weight to plaintiff's characterization of its complaint as one of pure negligence.

Fina then argues that the essence of its claim is an operational task and not a misrepresentation, citing to *Ingham v. Eastern Air Lines, Inc.*, 373 F.2d 227, 239 (2nd Cir.1967). In *Ingham*, the court found that the air traffic controllers had undertaken a duty to provide information and warnings for the safety of aircrafts and were negligent in that undertaking. *See also Indian Towing Co. v. United States*, 350 U.S. 61, 76, 76 S.Ct. 122, 100 L.Ed. 48 (1955) (where the Court found in favor of the plaintiff.) Both of these cases involved a duty independent of communicating something on which a reasonable person is expected to rely, a duty not present here.

The line of cases that deal with negligent performance of operational tasks, however, usually concern the dissemination of inaccurate information by air traffic controllers where the United States had voluntarily undertaken to perform a duty. *See e.g. Delta Air Lines, Inc. v. United States*, 561 F.2d 381, 389 (1st Cir.1977); *Ingham v. Eastern Air Lines, Inc.*, 373 F.2d 227 (2nd Cir.1967); *Sullivan v. United States*, 411 F.2d 794 (5th Cir.1969).

This case does not resemble *Delta*, *Ingham*, or *Sullivan*. Instead, it is similar to *Safari*, where the plaintiff relied on the FAA's representation that Safari was authorized to fly to American Samoa when in fact it was not authorized to do so. 2008 WL 1960145 at *1. In that case the court held that the basis of plaintiff's claim was misrepresentation, not negligent licensing or authorization; nowhere did it describe the dissemination of information authorizing plaintiff to fly as an operational task. *Id.* at *9–11. Here, Fina also relied on the FAA's statements that Pan Am was a qualified flight academy and could therefore certify Fina's personnel when in fact it turned out that Pan Am was not certi-

yond the pleadings to ascertain the real cause of the complaint. *Fitch v. United States*, 513 F.2d 1013, 1015 (6th Cir.1975). (Docket No. 13, p. 10)

fied.[6] *See also Anglo–American & Overseas Corp. v. United States*, 242 F.2d 236 (2nd Cir.1957),(holding that misrepresentation was essential to plaintiff's claim). According to these findings it is clear that Fina's claims fall under the misrepresentation exception because it has not alleged a breach of any duty independent of misrepresentation.

Finally, Fina argues that the basis of its complaint is negligence and not misrepresentation. Nevertheless, Fina expressly states three (3) times in its amended complaint that had the FAA not originally qualified Pan Am, it would not have spent the money it did in the training of its personnel and would not have been forced to close down its operations. (Docket No. 4, ¶¶ 21–23) Fina also states in its opposition that the causes of its damages were "... the **information,** the unavailability of FAA representatives at times, the prolonging of procedures that have to me [sic] bet [sic] on a time line, the switching of personnel, and all decisions and **misindications** [sic] that Defendants gave Plaintiff ..." (Docket No. 13, p. 11) (emphasis added) This is clear-cut misrepresentation. Prior to this reference, Fina never made any reference to the unavailability of the FAA representatives, the prolonging of procedures, nor the switching of personnel as causes for their injuries as it now does. Fina then claims that the FAA first "... permitted and told Plaintiff to do their training in a certain place, and afterwards changed its mind by saying that they didn't comply with the FAA and the Fars" and that this was "simply not right ..." *Id.,* at 13. By looking at all of Fina's allegations in the pleadings it is clear that its claim is based on misrepresentation and that it has failed to allege any injury caused by the breach of a different duty independent of the United States' representation.

## IV. Conclusion

For the reasons stated above defendant's motion to dismiss (Docket No. 7) is **GRANTED.** Plaintiff's claims against the United States are **dismissed WITH PREJUDICE.** Judgment shall enter accordingly.

**IT IS SO ORDERED.**

---

**6.** It is clear that the essence of the claim is misrepresentation. In *Takacs v. Jump Shack, Inc.,* the court stated that "[m]isrepresentation applies to those instances in which Congress has relegated to a governmental agency the duty either to disclose directly or to require private persons to disclose information to assist persons in the conduct of their affairs.", 546 F.Supp. 76, 79 (N.D.Ohio 1982).