**Virtudes ARCE, Plaintiff,**

v.

**John E. POTTER, Postmaster General, Defendant.**

**Civil No. 10–1032 (FAB).**

United States District Court, D. Puerto Rico.

June 22, 2011.

Julie A. Soderlund, San Juan, PR, for Plaintiff.

Fidel A. Sevillano–Del–Rio, United States Attorneys Office, District of Puerto Rico, San Juan, PR, for Defendant.

## MEMORANDUM AND ORDER[1]

BESOSA, District Judge.

Before the Court are the magistrate judge's report and recommendation (Docket No. 31.) and defendant's objection to the report and recommendation. (Docket No. 32.) After making an independent examination of the record in this case and considering the arguments raised in defendant's objection (Docket No. 32), the Court **ADOPTS** the magistrate judge's recommendation as the opinion of this Court and **DENIES** defendant's motion for partial dismissal. (Docket No. 22.)

## DISCUSSION

### I. BACKGROUND

#### A. Procedural Background

On January 20, 2010, plaintiff Virtudes Arce ("plaintiff" or "Arce") filed a complaint alleging intentional discrimination

---

1. Alyssa Iglesias–Serpa, a third-year student at University of North Carolina Law School, assisted in the preparation of this Memorandum and Order.

and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. § 701 ("Rehabilitation Act") against defendant Postmaster General John E. Potter ("defendant"). On October 27, 2010, defendant Potter filed a partial motion to dismiss for lack of subject matter jurisdiction, arguing that because a significant portion of the claims in the complaint relate to the government's breach of a settlement agreement, pursuant to the Tucker Act,[2] 28 U.S.C. § 1491, only the Court of Federal Claims ("CFC") has jurisdiction to hear plaintiff's claims. (Docket No. 23.) On December 13, 2010, plaintiff opposed that motion, stating that the agreement was mentioned solely to establish a continuing pattern of discrimination, and not as an individual claim for the specific breach of the agreement. (Docket No. 26.)

Pursuant to a referral order issued by the Court, Chief Magistrate Judge Justo Arenas issued a report and recommendation regarding the motion to dismiss on March 16, 2011. (*See* Docket Nos. 12 & 31.) The magistrate judge recommended that the motion be denied, stating that the complaint should not be dismissed because no counts of the complaint were predicated on a breach of contract theory. (Docket No. 31 at p. 7.) On March 31, 2011, defendant filed an objection to the report and recommendation, challenging the magistrate judge's conclusion that the complaint established subject matter jurisdiction. (Docket No. 32.)

### B. Factual Background

Plaintiff is hearing-impaired and has worked as an employee of the United States Postal Service since 1986. (Docket No. 1 at ¶ 5.1.) Since 1995, Arce has filed several complaints alleging that her right to be free from discrimination and retaliation has been violated in her workplace. In 2003, plaintiff filed a complaint, which was settled in 2005. Plaintiff alleges that following the settlement, she was subjected to a hostile work environment. (Docket No. 1 at ¶ 5.3 & 5.6–5.92.) The gravamen of plaintiff's current complaint is that she suffered intentional discrimination as a result of her impairment and her history of filing complaints of discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Docket No. 1 at ¶¶ 5.2–5.3.)

## II. Legal Analysis

### A. Standard under 28 U.S.C. § 636(b)(1)

A district court may refer a pending, non-dispositive motion to a magistrate judge for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Loc. Rule 72(c). Any party adversely affected by the report and recommendation may file written objections within fourteen days of being served with the magistrate judge's report. A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." *Sylva v. Culebra Dive Shop*, 389 F.Supp.2d 189, 191–92 (D.P.R. 2005) (*citing United States v. Raddatz*, 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)). Failure to comply with this

---

**2.** The Tucker Act states, "The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."

rule precludes further review. *See Davet v. Maccarone*, 973 F.2d 22, 30–31 (1st Cir. 1992). In conducting its review, the Court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(a)(b)(1). *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 247 (1st Cir.1985); *Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc.*, 286 F.Supp.2d 144, 146 (D.P.R.2003). Furthermore, the Court may accept those parts of the report and recommendation to which the parties do not object. *See Hernandez–Mejias v. General Elec.*, 428 F.Supp.2d 4, 6 (D.P.R.2005) (*citing Lacedra v. Donald W. Wyatt Detention Facility*, 334 F.Supp.2d 114, 125–126 (D.R.I. 2004)).

## B. Federal Rule of Civil Procedure 12(b)(1)

 Pursuant to Rule 12(b)(1), a defendant may move to dismiss an action for lack of subject matter jurisdiction. Subject matter jurisdiction is properly invoked by plaintiff when a colorable claim "arising under" the Constitution or law of the United States is pled. 28 U.S.C. § 1331; *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006). Usually, a claim arises under federal law if a federal cause of action emerges from the face of a well-pleaded complaint. *See Viqueira v. First Bank*, 140 F.3d 12, 17 (1st Cir.1998) (citing *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 118 S.Ct. 523, 529, 139 L.Ed.2d 525 (1997); *see also Gully v. First Nat'l Bank*, 299 U.S. 109, 113, 57 S.Ct. 96, 97–98, 81 L.Ed. 70 (1936)). "As courts of limited jurisdiction, federal courts have the duty to construe their jurisdictional grants narrowly." *Fina Air, Inc. v. United States*, 555 F.Supp.2d 321, 323 (D.P.R.2008) (citing *Alicea–Rivera v. SIMED*, 12 F.Supp.2d 243, 245 (D.P.R.1998)). Because federal courts have limited jurisdiction, the party asserting jurisdiction has the burden of demonstrating the existence of federal jurisdiction. *See Murphy v. United States*, 45 F.3d 520, 522 (1st Cir.1995) *cert. denied*, 515 U.S. 1144, 115 S.Ct. 2581, 132 L.Ed.2d 831 (1995); *Droz–Serrano v. Caribbean Records Inc.*, 270 F.Supp.2d 217, 217 (D.P.R.2003).

## C. Defendant's Objections Regarding Lack of Subject Matter Jurisdiction

Defendant Potter specifically objects to the magistrate judge's conclusion that the complaint established subject matter jurisdiction. (Docket No. 32.) He requests that the Court partially dismiss "plaintiff's claim for breach of a prior settlement agreement for this Court's lack of subject matter jurisdiction." (Docket No. 32.) He also argues that because an essential portion of the complaint's allegations were comparable to those found in the settlement agreement, the complaint implies a breach of contract claim. (*See* Docket No. 23; *see also* Docket No. 1 at ¶¶ 5.2–5.3, 5.7(b), 5.7(d-e), 5.7(g), & 5.8–5.91.) Conversely, plaintiff argues that the complaint clearly established subject matter jurisdiction by expressly invoking federal claims. (Docket No. 26.) Plaintiff states she did not allege a breach of contract claim, but referenced the settlement agreement simply to demonstrate a basis for retaliation and as an example of continuing violations pursuant to the Rehabilitation Act. (Docket No. 26.)

 Having examined the factual allegations in the complaint, the Court finds defendant's argument unpersuasive. (*See* Docket No. 1.) The magistrate judge recognized that "[plaintiff's] complaint does not invoke violations of a settlement agreement as a predicate for plaintiff's cause of

action." (Docket No. 31.) A complaint, rather, establishes subject matter jurisdiction if it states a federal cause of action on its face. *Viqueira,* 140 F.3d at 17. In this case, plaintiff's established subject matter jurisdiction by seeking compensation for discriminatory treatment in violation of federal causes of action pursuant to civil rights laws and the Rehabilitation Act. (Docket No. 1 at ¶¶ 8–9.)

Although defendant's motion to dismiss argues that *Greenhill v. Spellings,* 482 F.3d 569 (D.C.Cir.2007) and *Brown v. United States,* 389 F.3d 1296 (D.C.Cir. 2004) are dispositive, the magistrate judge correctly determined that both cases are inapposite. In *Greenhill,* the CFC was granted jurisdiction where the plaintiff neither alleged a retaliation claim nor could the court infer such a claim from the facts stated in the complaint. 482 F.3d 569, 572 (D.C.Cir.2007). In *Brown,* on the other hand, the CFC had jurisdiction when the plaintiff both expressly alleged a breach of contract claim and sought monetary damages relating to a breach of a settlement agreement. 389 F.3d 1296, 1297 (D.C.Cir. 2004). Arce's claims, however, are diametrically opposed to those in *Greenhill* and *Brown.* Plaintiff's complaint explicitly alleges a retaliation claim along with factual support. Arce neither alleged a breach of contract claim nor sought compensation for a breach of the settlement agreement. The magistrate judge thus relied on *America v. Mills,* properly concluding that when a plaintiff establishes a retaliation claim without alleging a breach of contract claim, the CFC does **not** have exclusive jurisdiction over plaintiff's case. 677 F.Supp.2d 51, 53–54 (D.D.C.2009).

■ Still, defendant Potter may raise the issue of *res judicata* or collateral estoppel in a motion *in limine,* because plaintiff has already collected for acts similar to those referenced in her complaint.

*See Martinez v. Puerto Rico,* 594 F.Supp.2d 181, 185–86 (D.P.R.2009).

## III. CONCLUSION

The Court has considered defendant's objections and made an independent examination of the record in this case. Having done so, the magistrate judge's recommendation is **ADOPTED.** Accordingly, defendant's motion for partial dismissal for lack of jurisdiction is **DENIED.**

**IT IS SO ORDERED.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

JUSTO ARENAS, United States Chief Magistrate Judge.

This matter is before the court on motion to dismiss and memorandum of law in support of motion to dismiss filed by defendant John E. Potter on October 27, 2010. (Docket Nos. 22, 23.) The defendant's motion to dismiss was opposed by plaintiff Virtudes Arce on December 13, 2010. (Docket No. 26.) Defendant replied to plaintiff's opposition on December 27, 2010. (Docket No. 30.) This case had been referred to a United States magistrate judge, and randomly assigned to me for all further proceedings except for pretrial conference and trial on June 15, 2010. (Docket Nos. 12, 13.) For the reasons set forth below, I recommend that the motion to dismiss be denied.

### I. BACKGROUND

Plaintiff is hearing-impaired, (Docket No. 1, at 3, ¶ 5.1), and works as a Distribution Clerk of the United States Postal Service. (*Id.* at 2, ¶ 4.1.) She filed a complaint on January 20, 2010 seeking damages as a result of discriminatory treatment (retaliation) in violation of Civil Rights Laws, 42 U.S.C. § 2000e *et seq.,* and Rehabilitation Act, 29 U.S.C. § 701 *et*

*seq.* (Docket No. 1, at 8–10.) Plaintiff asserts that she has been "subject of a hostile work environment, continuous intentional discrimina[tion] due to her hearing impairment and retaliatory treatment on account of the filing of various Equal Employment Opportunity Complaints and a civil action for discrimination." (*Id.* at 1, ¶ 1.1.) "Since approximately the year 1995 Plaintiff . . . has filed several complaints alleging violations by the Defendant of her rights to be free from disability discrimination and retaliation. The last case was filed . . . in the year 2003 and terminated in a consent settlement in the year 2005." (*Id.* at 3, ¶ 5.2.)

Defendant's memorandum of law in support of the motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure argues for partial judgment dismissing plaintiff's breach of contract claim. (Docket No. 23, at 11.) It states three arguments. First, that some of the plaintiff's claims arise under contract law since "[i]n the complaint there are allegations as to a previous case in 2003 that terminated in a consent settlement in the year 2005 which plaintiff aver[s] has been breached by the defendant" (*id.* at 1) and "[b]ecause it has been held that a claim for breach of settlement agreement is a claim founded upon a contract with the United States under the Tucker Act, this Court lacks jurisdiction over plaintiff's claim for its breach." (Docket No. 23, at 5.) Second, defendant asserts: "[n]either the Judgment entered in Civil No. 03–1971(JP) nor the Settlement Agreement . . . contains a retention of jurisdiction clause to hear a breach claim . . ." therefore, the breach of settlement claims should be dismissed. (*Id.* at 8.) Finally, the defendant continues to argue that plaintiff did not exhaust administrative remedies as required by 29 C.F.R. § 1614.504. (Docket No. 23, at 9.)

In plaintiff's "Response in Opposition to Motion for Partial Summary Judgment," (Docket No. 26), plaintiff notes that her "pleaded claims arise under the Rehabilitation act." (*Id.* at 4.) She argues that in the complaint there are no claims "rais[ing] specific . . . breach of the settlement agreement . . . The instances of violations of the prior settlement agreement . . . are used as instances of a continuing pattern of specific acts of discrimination, not as individual claims for specific breach of the prior settlement agreement." (*Id.*) Moreover, she states that the allegations of breach to the settlement agreement is part of the evidence needed "to conclude that the employer's adverse employment actions against plaintiff were motivated by discriminatory intent." (*Id.* at 8.) Finally, plaintiff points out that she has "[not] failed to exhaust administrative remedies." (*Id.* at 12.)

## II. STANDARD OF REVIEW

### *Rule 12(b)(1) of the Federal Rules of Civil Procedure*

"The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for '[f]ederal-question' jurisdiction, § 1332 for '[d]iversity of citizenship' jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006). "The proper vehicle for challenging a court's subject-matter jurisdiction is Federal Rule of Civil Procedure 12(b)(1). This rule is a large umbrella, overspreading a variety of different types of challenges to subject-matter jurisdiction. Some challenges-those grounded in considerations of ripeness, mootness, sovereign immunity, and the existence of federal

question jurisdiction are good examples...." *Valentin v. Hosp. Bella Vista,* 254 F.3d 358, 362–63 (1st Cir.2001).

## III. ANALYSIS

*Breach of the Settlement Agreement and the Tucker Act*

■ The defendant argues that a part of the complaint should be dismissed because it is "founded upon a contract with the United States under the Tucker Act [and] this Court lacks jurisdiction over plaintiff's claim for its breach." (Docket No. 23, at 5.) Defendant specifically refers to allegations from a "previous case in 2003 that terminated in a consent settlement in the year 2005 which plaintiff aver[s] has been breached by the defendant." (*Id.* at 1.) He compares paragraphs 5.2, 5.3, 5.7(b), 5.7(d), 5.7(e), 5.7(f), 5.7(g), 5.8, 5.9 and 5.91 of the complaint (Docket No. 1) to the promises made in the 2005 settlement agreement. (Docket No. 23, at 1.)

On the other hand, plaintiff denies that the complaint alleges a breach of contract or settlement agreement. She points out that "any violations of a prior settlement agreement constitute evidence of a pattern of continuing violations actionable in this court under the Rehabilitation Act...." (Docket No. 26, at 2, emphasis omitted.) Moreover, she states that "[n]owhere in the [complaint does plaintiff] raise specific claims for breach of the settlement agreement." (*Id.* at 4.) And finally, she continues to assert: "The causes of action clearly asserted ... in this complaint are not based solely, on her damages due to violations of a prior settlement or, as defendant asserts, an action sounding in contract for breach of settlement agreement. Plaintiff seeks 'compensatory relief and damages as a result of discriminatory treatment in violation of the Civil Rights laws and the Rehabilitation Act....'" (*Id.* at 5 (citing Compl. ¶ 1.1 (emphasis omitted)).)

Contrary to the defendant's argument, the complaint makes no portentous reference to a breach of contract or a breach of settlement agreement. The complaint only asks for remedies for illegal retaliation as prohibited by 42 U.S.C. § 2000e–3 and 5 (in count one) and for violations of Rehabilitation Act. (Docket No. 1, at 8–9.) Although defendant cites *Brown v. United States,* 389 F.3d 1296, 1297 (D.C.Cir.2004), it is *America v. Mills,* 677 F.Supp.2d 51 (D.D.C.2009) the case that applies to the present facts. "In this case, however, plaintiff has not asserted any breach of contract claim nor sought money damages for any such breach of contract." *Id.* at 53. Also, unlike *Greenhill v. Spellings,* 482 F.3d 569, 572 (D.C.Cir.2007), which is also cited by defendant in his memorandum of law, (Docket No. 23, at 4–6), this case makes reference to retaliation claims. In *Greenhill* the court found that: "The complaint makes no reference to retaliation, and the negative statements by Greenhill's former supervisor, without more, are not self evidently-retaliatory." *Greenhill v. Spellings,* 482 F.3d at 572. Plaintiff does not make mention of any breach of settlement agreement. A cursory reading, a studied reading and a curious reading of the complaint all lead to the conclusion that this complaint does not invoke violations of a settlement agreement as a predicate for plaintiff's causes of action under the Civil Rights Act, 42 U.S.C. § 2000e–3 *et seq.* and the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*

*Exhausting Administrative Remedies*

Defendant's second argument is that because "[n]either the Judgment entered ... nor the settlement agreement ... contains a retention of jurisdiction clause to hear a breach of claim ... the district court lacks jurisdiction to entertain a breach of settle-

ment agreement claim" (Docket No. 23, at 8) and his third argument stating "[t]here is no indicia ... that plaintiff exhausted the administrative remedy as to her breach of Settlement Agreement claim as required by 29 C.F.R. § 1614.504" (*id.* at 9) will not be given further consideration because the defendant relies on the allegation that plaintiff is asking for damages for breach of settlement agreement. Again, this case has primarily nothing to do with a breach of contract or settlement agreement but rather presents claims of discriminatory treatment in violation of Civil Rights Laws, 42 U.S.C. § 2000e *et seq.*, as well as under the Rehabilitation Act, 29 U.S.C. § 701 *et seq.* A reading of the complaint reflects that while mention of the settlement agreement is made, almost in passing, the first acts of discrimination appear in August 2008, (Docket No. 1, at 4, ¶ 2.6), while the settlement agreement was made in 2005. (Docket No. 1, at 3, ¶ 5.2.) The defendant's pithy argument is rendered ethereal by the reality of plaintiff's complaint. Albeit, the defendant might be heard via motion in limine based on his argument of estoppel and res judicata. *See, e.g., Martínez v. Puerto Rico,* 594 F.Supp.2d 181, 185–86 (D.P.R.2009). After all, plaintiff did receive $150,000 in settlement in 2005 for acts including the ones she refers to as factors in her continuing violations theory. *See Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 117–18, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). However, neither of the counts of the complaint should be dismissed because neither is predicated on a breach of contract theory.

## IV. CONCLUSION

In view of the above, I recommend that defendant's motion to dismiss under Rule 12(b)(1) be denied.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within fourteen (14) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. *See Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Davet v. Maccarone,* 973 F.2d 22, 30–31 (1st Cir.1992); *Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985 (1st Cir.1988); *Borden v. Sec'y of Health & Human Servs.,* 836 F.2d 4, 6 (1st Cir.1987); *Scott v. Schweiker,* 702 F.2d 13, 14 (1st Cir.1983); *United States v. Vega,* 678 F.2d 376, 378–79 (1st Cir.1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir.1980).